592 P.2d 1343 (1978)
James R. MYERS, Plaintiff-Appellant,
v.
Charlesetta WOODALL and Saint Anthony Hospital Systems, a Colorado Non-Profit Corporation, Defendants-Appellees.
No. 78-186.
Colorado Court of Appeals, Div. III.
December 28, 1978.
Rehearing Denied January 25, 1979.
Certiorari Denied April 2, 1979.
Tague, Goss, Schilken & Beem, P.C., Clifford L. Beem, Denver, for plaintiff-appellant.
Zarlengo, Mott & Zarlengo, Edward J. York, Jr., Denver, for defendants-appellees.
RULAND, Judge.
Plaintiff, James R. Myers, appeals from a summary judgment dismissing his complaint *1344 against defendants, Charlesetta Woodall and Saint Anthony Hospital, for injuries arising from the alleged negligence of Woodall. We affirm in part and reverse in part.
The record reflects that Myers was a patient at Saint Anthony's Hospital on June 24, 1974. On that date, Woodall, an employee of Saint Anthony's was pushing a cart on which Myers was riding for the purpose of transporting Myers from his room to the physical therapy facility in the hospital. In the course of this endeavor, Woodall allegedly caused the cart to collide with some type of metal beam with the result that Myers was injured.
The complaint in this action was filed more than two years after Myers suffered the injury. The trial court granted defendants' motion for summary judgment based upon § 13-80-105, C.R.S.1973. Insofar as pertinent here, the statute provides:
"No person shall be permitted to maintain an action, whether such action sounds in tort or contract, to recover damages from a licensed or certified hospital,. . . due to alleged negligence or breach of contract in providing care, or from any person licensed in this state . . . to practice medicine, chiropractic, nursing, . . . or other healing arts on account of the alleged negligence or breach of contract of such person in the practice of the profession for which he is licensed . . . unless such action is instituted within two years. . . ." (emphasis supplied)
Myers first contends that it was error to dismiss his claim against Saint Anthony's because the statute only affords protection to Saint Anthony's if it is providing health care to patients by persons licensed in the healing arts. The record reflects that Woodall was not licensed to perform any of the healing arts specified in the statute and that she was merely transporting Myers from one area of the hospital to the other. Thus, Myers reasons that no "health care" was involved at the time he was injured. We find no merit in this contention.
Where the language of the statute is plain, its meaning clear, and no absurdity is involved, the statute must be interpreted as written. Harding v. Industrial Commission, 183 Colo. 52, 515 P.2d 95 (1973). The limitation period contained in § 13-80-105 was adopted for two separate classes of health care services: licensed hospitals and licensed practitioners. We are concerned here only with a hospital.
The transportation of a patient from one area of a hospital to another for the purpose of receiving physical therapy is inextricably involved with providing care for that patient. The term "providing care" must be deemed to contemplate all activities of hospital employees which are ancillary to and inherently involved in providing medical service to the patient.
Myers next contends that the trial court erred in dismissing his complaint against Woodall. We agree.
The two-year limitation period is extended only to medical practitioners who have secured a license to practice the healing arts described in the statute. Woodall is not so licensed, and, absent a clear legislative intent to further restrict the common law right of action against an employee of a licensed health care facility, see Denver v. Madison, 142 Colo. 1, 351 P.2d 826 (1960), we may not infer that intent. See Jones v. Kristensen, 38 Colo.App. 513, 563 P.2d 959 (1977), affirmed, Colo., 575 P.2d 854 (1978).
The judgment dismissing Myers' complaint against Saint Anthony's is affirmed. The judgment dismissing Myers' complaint against Woodall is reversed and the cause remanded with directions to reinstate Myers' complaint and for further proceedings consistent with the views herein expressed.
SMITH and STERNBERG, JJ., concur.