Joseph P. Natale Executive Secretary Public Employees' Retirement Association 1300 Logan Street Denver, CO 80203
Dear Mr. Natale:
This opinion letter is in response to your December 3, 1981 letter in which you inquired about the Public Employees' Retirement Association ("PERA") requirements for general assembly members and certain elected officials.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents four questions:
1. Does a member of the general assembly have an option to elect PERA coverage under C.R.S. 1973, 24-51-128(2), upon each re-election?
 My conclusion is "yes." It is my opinion that the option to elect coverage under PERA is available each time a member of the general assembly takes the oath of office.
2. Does PERA rule 10.203 mandate continuous coverage in the following situations:
a. A PERA member is elected to the general assembly and begins legislative service directly from his former PERA-covered job.
b. A member of the general assembly becomes covered by PERA for his legislative service and is re-elected with no break in service?
 My conclusion is "no" in both fact situations. Continuous coverage by PERA is not required for members of the general assembly who choose to exempt themselves from coverage.
3. Are there any constitutional provisions, statutes or rules which prohibit or restrict members of the general assembly from receiving both a legislative salary and a PERA annuity?
 My conclusion is "no." It is my opinion that a member of the general assembly may receive both his salary and a PERA annuity if he has properly exempted himself from PERA coverage.
4. Would the issues found in question Nos. 1, 2 and 3 above be answered differently for the following occupational groups:
a. elective state officers
b. employees of the general assembly
c. district attorneys
d. elected municipal officials?
My conclusions are as follows:
 1. Elected municipal officials have the same option as the members of the general assembly to elect PERA coverage upon each re-election. Elective state officers, employees of the general assembly, and district attorneys have the option to elect coverage only upon their initial employment.
 2. Elective state officers, employees of the general assembly, district attorneys, and elected municipal officials are not required to continue PERA coverage if they commence their respective positions from PERA-affiliated employment (fact situation a). However, only the elected municipal officials have the option to exempt themselves from PERA coverage upon re-election with no break in service. Elective state officers, employees of the general assembly and district attorneys are required to continue PERA coverage upon such re-election (fact situation b).
 3. If properly exempted from PERA coverage, elective state officers, employees of the general assembly, district attorneys, and elected municipal officials will not violate the Colorado Constitution, state statutes, or PERA rules by receiving both a salary and a PERA annuity from other affiliated employment. Because district attorneys may be paid an additional salary by the city or county, there may be local prohibitions against such remuneration.
ANALYSIS
1. C.R.S. 1973, 24-51-128(2) creates an option for members of the general assembly to elect coverage under PERA. This subsection states in part:
 (2) (A)ll persons who become members of the general assembly after June 8, 1967, shall become members of the retirement association, unless within thirty days after taking the oath of office any such member notifies the public employees' retirement association in writing that he desires to exempt himself from the benefits of this section, and the salary deductions and payments provided in this part 1 shall be made on account of such members of the general assembly. Any member who has thus exempted himself from membership in the retirement system may, at his option at a later date, apply for membership therein; except that only the service of such member rendered as such after the date of such membership shall be allowed by the retirement board in computing retirement benefits.
It is a basic rule of statutory construction that when the language of a statute is plain and its meaning clear, it must be applied as written. Myers v. Woodall, 42 Colo. App. 44,592 P.2d 1343 (1978), Franks v. Charnes,43 Colo. App. 217, 600 P.2d 124 (1979).
The statutory language of C.R.S. 1973, 24-51-128(2) is clear and unambiguous. It grants to members of the general assembly an option to participate in PERA. If the member chooses not to participate, he must exercise this option within 30 days after taking the oath of office. There is no language which states that the member only has this option the first time he takes the oath of office; rather, the statute anticipates that a member may change his mind about his PERA participation. See also, C.R.S. 1973, 24-51-102 (Supp. 1981).
2. Employees who terminate PERA-affiliated employment, and then return to PERA-affiliated employment by the end of the next complete calendar month, are required under PERA rule 10.203 to continue PERA membership. That rule states in part:
 A member who later returns to affiliated employment by the end of the next complete calendar month following the month in which his membership terminated, pursuant to Rule 10.106, shall be required to continue membership.
8 C.C.R. 1502-1, as amended.
In both fact situations, the general assembly member has not returned to "affiliated employment" because he has chosen to exempt himself from such coverage. The employment cannot be "affiliated" with PERA unless the general assembly member chooses to make it so. Therefore, in fact situation "a," the newly elected general assembly member may, within 30 days of taking the oath of office, elect not to participate in PERA. In fact situation "b," the legislator may, within 30 days of taking the oath of office, upon his re-election, elect no longer to participate in PERA.
3. You have referred in your letter to an opinion letter from former Attorney General John Moore. This January 7, 1974 opinion stated that article V, section 6 of the Colorado Constitution forbids the members of the general assembly from receiving any compensation, perquisite or allowance other than compensation for services and traveling expenses. That opinion suggested that the grant of PERA benefits to otherwise qualified members of the general assembly would fall within this constitutional prohibition.
Article V, section 6 of the Colorado Constitution was repealed and reenacted, with amendments, on November 5, 1974. The amendments deleted the prohibition against receipt of outside compensation. Therefore, the Colorado Constitution does not prohibit members of the general assembly from receiving both legislative salaries and PERA benefits.
C.R.S. 1973, 24-51-134 states:
 24-51-134. Retired state members — employment in position covered by association — when. Notwithstanding the provisions of section 24-2-103, any state employee retired and receiving benefits under the provisions of this part 1 shall be entitled to be employed in a position subject to the provisions of this article for a period of not to exceed ninety days per calendar year without suspension or reduction of his retirement benefits. For the purposes of this section, any part of a day shall be construed to be a full day, and compensation paid shall not be subject to deductions for retirement benefits, nor shall such member be entitled to survivor benefits, disability, or superannuation benefits that otherwise would be attributable to such period of work.
(Emphasis added.)
C.R.S. 1973, 24-51-223 provides for an identical restriction on the post-retirement work of school district members. These restrictions apply only to positions which are covered by PERA. Therefore, if a general assembly member exempts his position from PERA coverage, there will be no restrictions on his legislative salary while he is simultaneously receiving a PERA annuity.
PERA rule 40.403 states in part:
 An annuitant is permitted to engage in any work activity, subsequent to retirement, which is not paid for or controlled by an affiliated employer . . . .
 An annuitant who is retired is entitled to work 90 days per calendar year for an affiliated employer without any suspension or reduction of his annuity.
8 C.C.R. 1502-1, as amended.
The term "affiliated employer" is defined in PERA rule 10.108 (8 C.C.R. 1502-1) and includes agencies of the State of Colorado whose employees are "state employees" under C.R.S. 1973, 24-51-101(5) (Supp. 1981). That definition of "state employee" excludes for PERA purposes those employees who are not eligible for PERA benefits. A member of the general assembly who exempts himself from PERA coverage would not be eligible for PERA benefits. Therefore, he would not be a "state employee" for PERA purposes and the general assembly would not be an "affiliated employer" for such exempted employees.
In your letter you posed two additional fact situations:
a. A PERA member, who meets the requirements of age and service for retirement benefits, is elected and begins legislative service directly from his regular PERA covered job.
b. A legislator becomes covered by PERA for his legislative service, subsequently reaches retirement age and wishes to draw retirement benefits, and is re-elected.
You asked whether there would be any restrictions on these legislators receiving both their legislative salary and retirement benefits from PERA. From the analysis above, both of these legislators would be entitled to their legislative salaries and their retirement benefits. In fact situation "a," the legislator would need to exempt himself from coverage within 30 days of taking his first oath of office. In fact situation "b," the legislator would be restricted to 90 days of receipt of both his PERA annuity and legislative salary under C.R.S. 1973, 24-51-134 and C.R.S. 1973, 24-51-223, unless he properly exempted himself from PERA coverage prior to the end of the 90 days of legislative service.
4. a. Elective state officers. Elective state officers have an option to elect PERA coverage under C.R.S. 1973, 24-51-102 (Supp. 1981). PERA rule 10.2024 (8 C.C.R. 1502-1, as amended) requires that this option be exercised within 30 days of initial employment. The statute is silent as to whether or not this option occurs with each subsequent re-election. Absent a conflicting statute, rules are presumed valid. Augustin v.Barnes, ___ Colo. ___, 626 P.2d 625 (1981). Therefore, PERA rule 10.2024, requiring election of PERA coverage within 30 days of initial employment, limits the elective state officer to such an option only upon the first term of office in consecutive re-elections. If there is a break in service (e.g., four-year term, no service for four years, re-election to a four-year term); the elective state officer would, upon re-election, have the option to exempt himself from PERA coverage because he would not have "continued membership" by the end of the next complete calendar month following membership termination. (See PERA rule 10.203, 8 C.C.R. 1502-1, as amended.)
Article IV, section 19 of the Colorado Constitution does not prohibit an elective state officer from simultaneously receiving his salary and a PERA annuity. However, in your fact situation "b" for question No. 3, an elective state officer would not be able to receive a PERA annuity for employment from his elected state office unless he had a break in service that was greater in time than the end of the next complete calendar month following the month in which his PERA membership terminated, pursuant to PERA rule 10.203 (8 C.C.R. 1502-1, as amended).
b. Employees of the general assembly. C.R.S. 1973, 24-51-128(5)(a) (Supp. 1981) states in part:
 (A)ny person who becomes an employee of the general assembly after May 1, 1979, shall become a member of the public employees' retirement association unless, within thirty days after his initial employment, such employee notifies the public employees' retirement association in writing that he desires to exempt himself from the benefits of this article. Any employee who has exempted himself from membership in the retirement association may, at his option at a later date, apply for membership therein; except that only the service of such employee rendered after the date of such membership shall be allowed by the retirement board in computing retirement benefits.
(Emphasis added.)
Under the plain meaning of the statute, an employee of the General Assembly who has not exempted himself within 30 days of his employment does not have an option to exempt himself from PERA coverage thereafter. The remainder of the analysis for this occupational group is identical to the elective state officer.
c. District attorneys. C.R.S. 1973, 24-51-142(1) (Supp. 1981) states in part:
 (A)ny person serving as a district attorney on January 11, 1977, or who becomes a district attorney after January 11, 1977, shall become and remain subject to the provisions of this part 1 unless, within thirty days after such district attorney becomes eligible to become a member of the association in accordance with this part 1, such district attorney notifies the retirement board in writing that he rejects the benefits of this part 1.
(Emphasis added.)
The district attorney's option is not triggered by an event such as "taking the oath of office." Instead, the district attorney must exempt himself from PERA coverage within 30 days after his initial employment, which is the time when he becomes eligible to become a member.
The remainder of the analysis of this occupational group is identical to the elective state officer, with the exception of possible prohibitions against receipt of a salary and a PERA annuity. C.R.S. 1973, 20-1-301 (Supp. 1981) permits payment in excess of the state salary to district attorneys by boards of county commissioners or by the city council for Denver. There may be local prohibitions against such remuneration.
It should be noted that C.R.S. 1973, 24-51-142(3) (Supp. 1981) restricts the option to exempt PERA coverage to only the district attorneys, and not to the chief deputy, deputy, assistant, investigator, clerk, secretary, or other employee in the Office of the District Attorney.
d. Elected municipal officials. You did not request clarification of the status of elected municipal officials, but I have included this category because it is the only other occupational group which is given an option to exempt or elect PERA coverage.
C.R.S. 1973, 24-51-227(2) states in part:
 (A)ll persons who become elected municipal officials on or after May 7, 1969, shall become members of the retirement association unless, within thirty days after taking office, any such person notifies the public employees' retirement association in writing that he desires to exempt himself from the provisions of this section, and the salary deductions and payments provided in this part 2 shall be made on account of such persons. Any person who has thus exempted himself from membership may, at his option or at a later date, apply for membership therein; except that only the service of such person rendered as such after the date of such membership shall be allowed by the retirement board in computing retirement benefits.
(Emphasis added.)
The elected municipal official is permitted to exempt coverage within 30 days of the date he takes office. This election of coverage will be available each time he is re-elected, because this option, like that of the legislator, is triggered by the date that he takes office. Therefore, this occupational group is identical in analysis to the members of the general assembly except for any possible local restrictions on the receipt of a PERA annuity and a salary from the municipality.
SUMMARY
To briefly summarize my opinion, members of the general assembly and elected municipal officials have an option to elect PERA coverage upon each re-election. They are not required to continue PERA coverage once they have elected such coverage, even if they do not have a break in service between the initial election of coverage and the subsequent exemption from coverage. Elective state officers, employees of the general assembly, and district attorneys have an option to elect PERA coverage only upon their initial employment unless there is a break in service.
Members of the general assembly may receive their salary and a PERA annuity from other affiliated employment if they have properly exempted their position from PERA coverage. Elective state officers and employees of the general assembly may receive their salary and a PERA annuity from other affiliated employment if they have properly exempted their position from PERA coverage and if there is a break in service between retirement and commencement of their PERA-exempted position. District attorneys and elected municipal officials may receive their salary and a PERA annuity from other affiliated employment if they have properly exempted their position from PERA coverage, if there is a break in service between retirement and commencement of their PERA-exempted position, and if there are no local prohibitions against such remuneration.
Very truly yours,
 J.D. MacFARLANE Attorney General
RETIREMENT SYSTEMS PUBLIC OFFICERS LEGISLATORS PROSECUTORS
C.R.S. 1973, 24-51-128(2) C.R.S. 1973, 24-51-102 (Supp. 1981) C.R.S. 1973, 24-51-134 C.R.S. 1973, 24-51-142(1) (Supp. 1981) C.R.S. 1973, 24-51-142(3) (Supp. 1981) C.R.S. 1973, 24-51-223 C.R.S. 1973, 24-51-128(5)(a) (Supp. 1981) C.R.S. 1973, 20-1-301 (Supp. 1981) C.R.S. 1973, 24-51-227(2) C.R.S. 1973, 24-51-101(5)
Colo. Const. art. V, § 6
Colo. Const. art. IV, § 19
PERA PENSION PLANS Pera Pension Plans DISTRICT ATTORNEYS DEPT. LEGISLATIVE BRANCH General Assembly GOVERNOR, OFFICE OF Administration SECRETARY OF STATE DEPT. Administration TREASURY, DEPT. OF Administration
Members of the general assembly and elected municipal officials have an option to elect PERA coverage upon each re-election. Elective state officers, employees of the general assembly, and district attorneys may only exercise such option upon their initial employment. If certain conditions are met, members of the general assembly, elective state officers, employees of the general assembly, district attorneys and elected municipal officials may receive both their salary and their PERA annuity.