**James R. MYERS, Plaintiff-Appellant,**

v.

**Clifford BEEM, Defendant-Appellee.**

**No. 84CA0119.**

Colorado Court of Appeals, Div. I.

Aug. 22, 1985.

Rehearing Denied Sept. 19, 1985.

Certiorari Denied Jan. 13, 1986.

Michael F. Morrissey, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., F. Michael Ludwig, Denver, for defendant-appellee.

STERNBERG, Judge.

This is an appeal from a legal malpractice action in which the jury found for the defendant. The plaintiff contends that the trial court erred by refusing to apply the "collateral source rule," and by not directing a verdict in his favor on the issue of liability. We disagree, and, therefore, affirm.

The defendant represented plaintiff in a negligence action against Saint Anthony Hospital Systems and one of its orderlies. The plaintiff claimed that while he was a patient at the hospital, the orderly injured him by causing a gurney on which he was riding to collide with a metal beam. The record reflects that defendant visited plaintiff in the hospital shortly after the incident, and soon after that agreed to represent him. However, the complaint was not filed until some 26 months after the injury.

The trial court granted summary judgment to both the hospital and the orderly on the grounds that the statute of limitations applicable to hospitals and licensed medical practitioners had run before the complaint was filed. The plaintiff appealed, and this court affirmed with respect to the hospital, but reversed the summary judgment in favor of the orderly. *Myers v. Woodall*, 42 Colo.App. 44, 592 P.2d 1343 (1978). After plaintiff filed this action, and defendant withdrew from his representation, the orderly, who continued to be covered by the hospital's insurance and represented by its counsel, settled with plaintiff for $9000.

## I.

The plaintiff's first contention is that the trial court erred when it allowed the jury to hear evidence that he was paid full salary while disabled following the incident, and that all of his medical expenses were covered by his group medical insurance. He claims that the collateral source rule precludes the admission of such evidence.

The collateral source rule provides that "compensation or indemnity received by an injured party from a collateral source, wholly independent of the wrongdoer and to which he has not contributed, will not diminish the damages otherwise recoverable from the wrongdoer." *Kistler v. Halsey*, 173 Colo. 540, 481 P.2d 722 (1971). Therefore, evidence of compensation from a collateral source is inadmissible, because it is irrelevant. *See* CRE 401.

However, here the damages did not consist of lost wages or medical expenses. Rather, the sole issue to be determined by the jury was whether, and by how much, the settlement value of the lawsuit was diminished as a result of the removal of the hospital from the case because of the defendant's failure to file within the time set by the statute of limitations. There was evidence that the hospital's counsel knew that plaintiff had been compensated for his lost wages, had incurred no out-of-pocket medical expenses, and considered that in arriving at a settlement offer. Therefore, that evidence was directly relevant to the issue of damages, and was properly admitted.

## II.

The plaintiff also contends that, because defendant admitted to plaintiff that he "screwed up" and testified that he "made a mistake," the court should have directed a verdict in his favor on the issue of liability.

A motion for directed verdict is properly granted only if the evidence, considered in the light most favorable to the nonmoving party, compels a conclusion that a verdict against the movant cannot be sustained. *MacMaster v. Coontz*, 623 P.2d 71 (Colo.App.1980).

■ An attorney owes his client a duty to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession. There is no requirement that he be infallible. *See Eadon v. Reuler,* 146 Colo. 347, 361 P.2d 445 (1961); *see also CJI–Civ.2d* 15:20 (1980). Making a mistake is not negligence as a matter of law. *See Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980).

■ The defendant presented evidence that the state of the law was not clear before this court's decision in *Myers v. Woodall, supra.* Thus, the jury could infer that the defendant's belief was reasonable that the statute of limitations for negligence rather than for medical malpractice applied to both the hospital and its orderly. This evidence was sufficient for the jury to find that the defendant, although admittedly mistaken, had employed ordinary knowledge, skill, and judgment in representing the plaintiff. Therefore, the court was correct in denying the plaintiff's motion for directed verdict.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.