The PEOPLE of the State of Colorado, Appellant, In the Interest of Karl SCHMIDT, Appellee.

No. 84CA1403.

Colorado Court of Appeals, Div. III.

April 3, 1986.

**630**

Kathryn L. Schroeder, Co. Atty., Marie T. Volk, Asst. Co. Atty., Brighton, for appellant.

Legal Aid Society of Metropolitan Denver, Inc., James W. Dean, Denver, for appellee.

METZGER, Judge.

The People appeal from the trial court's order dismissing the petition for emergency short-term certification, brought by staff members of the Fort Logan Mental Health Center (FLMHC), seeking an order for the involuntary administration of medications to respondent, Karl Schmidt. We affirm.

The respondent was first certified for short-term treatment at FLMHC on December 30, 1983, after a 72-hour mental health hold showed that he exhibited symptoms of a serious paranoid-type disturbance characterized by his belief that he was being bombarded by microwaves. On February 1, 1984, the court ordered that respondent be certified for short-term treatment and that medication be forcibly administered to him if necessary. Subsequently, the respondent was discharged to an outpatient facility.

The respondent was again admitted to the FLMHC on August 16, 1984, on a 72-hour hold, after which he signed in voluntarily. On September 13, 1984, respondent was placed back on a mental health hold. Certification for short-term treatment was initiated the next day, as was a request by the treating psychiatrist for a court order to allow administration of medications.

A hearing on these issues was held on September 28. On October 10, 1984, the trial court issued a memorandum opinion and order containing the following findings. Respondent was not a danger to himself or others but was gravely disabled. There was no reason to believe respondent would attempt to flee FLMHC, and, in fact, the facility had become part of his delusional system because he believed the buildings at the center protected him from the imagined microwaves. The sole reason for seeking certification was respondent's unwillingness or reluctance to take medication.

The trial court concluded that a refusal to submit to medication may not be the basis for an emergency hold and treat under § 27–10–105(1)(a), C.R.S. (1985 Cum. Supp.). Consequently, it held there was insufficient evidence to warrant a short-term certification pursuant to § 27–10–107, C.R.S. (1982 Repl.Vol. 11), and consequently, it lacked jurisdiction to consider the involuntary medication issue.

The People appeal, contending that the proper statutory procedures were followed and that, therefore, an order for short-term certification and for the administration of involuntary medication should have been entered. We do not agree.

I.

Initially, the People argue that the trial court's finding that respondent was gravely disabled meets the statutory requirements for an emergency mental health hold pursuant to § 27–10–105(1)(a), C.R.S. (1985 Cum.Supp.). We disagree.

Section 27–10–105(1)(a), C.R.S. (1985 Cum.Supp.) provides for an "emergency procedure" for an emergency seventy-two hour hold:

"When any person appears to be mentally ill and, as a result of such mental illness, appears to be an imminent danger to others or to himself or appears to be gravely disabled, ... a professional person, ... upon probable cause ... may *take the person into custody*, and place him in a facility ... for a seventy-two-hour treatment and evaluation." (emphasis added)

Mental health statutes must be strictly construed because of their curtailment of personal liberty. *Sisneros v. District Court*, 199 Colo. 179, 606 P.2d 55 (1980). Where the statutory language is plain, its meaning clear, and no absurdity is involved, it must be applied as written. *See Myers v. Woodall*, 42 Colo.App. 44, 592 P.2d 1343 (1978).

■ The plain language of the statute indicates that the General Assembly intended that it be used for those individuals in society who, because of an emergency situation, must be detained and placed in a facility for evaluation. Here, respondent was continuing a voluntary stay for treatment. Therefore, the statutory purpose of avoiding potential emergencies through detention and evaluation of at-risk persons could not properly be applied to this voluntarily admitted patient who was already within the confines of a mental health facility.

## II.

The People also argue that respondent's status as a voluntary patient does not prevent the imposition of a mental health hold. Therefore, they contend, the trial court could consider the petition for short-term certification and the involuntary medication issue. We disagree.

*People in Interest of Paiz*, 43 Colo.App. 352, 603 P.2d 976 (1979) does allow for the use of an emergency mental health hold despite the patient's voluntary admission for treatment. However, the facts there are distinguishable from the instant case.

In *Paiz*, the court recognized the General Assembly's intent to encourage voluntary treatment, *see* § 27–10–101(1)(d), C.R.S. (1982 Repl.Vol. 11), but allowed the use of an emergency hold in a situation in which a patient who sought release was obviously a danger to himself or others. Here, the trial court found that, because respondent had not sought release and was not a danger to himself or others, no emergency situation existed. We hold that the state's interest in giving respondent medications, by itself, is not sufficient here to warrant imposition of an emergency mental health hold. *See In re Curnow v. Yarbrough*, 676 P.2d 1177 (Colo.1984).

■ Therefore, under the circumstances present here, the trial court's interpretation of the mental health laws was correct. Without a proper mental health hold, the trial court could not consider the petition for short-term certification and, consequently, it lacked jurisdiction to consider the involuntary medication issue.

The People's remaining argument is without merit.

The order is affirmed.

TURSI and SILVERSTEIN *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).