**The PEOPLE of the State of Colorado, Petitioner–Appellee.**

**In the Interest of William LYNCH, Respondent–Appellant.**

**No. 86CA1357.**

Colorado Court of Appeals, Div. II.

Jan. 21, 1988.

Rehearing Denied April 7, 1988.

Certiorari Granted (People) June 13, 1988.

Thomas O. David, Co. Atty., Jan Rundus, Asst. Co. Atty., Greeley, for petitioner-appellee.

Minton & Hellewell, P.C., Joseph H. Hellewell, Greeley, for respondent-appellant.

SMITH, Judge.

William Lynch (Lynch) appeals the order which confirmed his certification for short term mental health treatment pursuant to § 27–10–107, C.R.S. (1982 Repl. Vol. 11). He argues that the trial court erred when it refused to dismiss the action when no trial was provided for him within ten days of his request, as required by statute. We agree that the case should have been dismissed.

Lynch's request for a hearing was made on July 17, 1986. Contemporaneously therewith he filed a motion for "transfer of jurisdiction" from Weld to Pueblo County. In the motion, defendant's counsel stated that she waived "a five-day right for speedy trial" for the purpose of transferring the case. The hearing was not held until July 30, 1986. The People argue that the consent to a five-day delay contained in Lynch's request for a change of venue constituted a waiver of the court's obligation to convene a trial within ten days. Therefore, they assert that a trial held within fifteen days of Lynch's request was valid. We disagree.

A mental health certification proceeding is entirely statutory in nature. Its object is to deprive a person of his liberty. *See Barber v. People,* 127 Colo. 90, 254 P.2d 431 (1953). Therefore, it is mandatory

that there be strict compliance with each of the procedural provisions of such statute, and in the absence of such compliance, the court loses subject matter jurisdiction, *i.e.*, the power to act. *People in Interest of Clinton*, 742 P.2d 946, (Colo.App.1987).

In *Clinton*, failure to appoint an attorney for respondent in a timely manner caused the court to lose jurisdiction over the subject matter. Following the rationale in that case, we hold that failure to convene a hearing within 10 days after a request is made, as mandated by § 27–10–107(6), C.R.S. (1987 Cum.Supp.), likewise deprives the court of any further jurisdiction to act on the petition.

The fact that respondent may have consented to extension of the court's subject matter jurisdiction beyond that permitted by statute is thus of no effect. Subject matter jurisdiction cannot be acquired, expanded, diminished, or altered even though the parties may expressly or impliedly consent thereto. *Triebelhorn v. Turzanski*, 149 Colo. 558, 370 P.2d 757 (1962).

Accordingly, since the trial court was without jursidiction to proceed with the hearing beyond ten days of Lynch's request, regardless of his purported waiver, its subsequent order certifying Lynch for short term treatment is void. Therefore, we need not address Lynch's other contentions of error.

Order vacated.

KELLY, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

The majority holds that the trial court was without subject matter jurisdiction to proceed relative to the certification of respondent for mental health treatment because a hearing to review that certification did not commence within ten days after respondent filed his request for such review. That respondent consented to a five-day delay and that the matter was heard on the thirteenth day is held to be "of no effect." I respectfully dissent.

In *People in Interest of Clinton*, 742 P.2d 946 (Colo.App.1987), a division of this court determined that appointment of counsel to represent respondent, made on the fourth business day after the petition for certification was filed, did not constitute a "forthwith" appointment as required by § 27–10–107(5), C.R.S. (1982 Repl. Vol. 11). It then held that, that defect in the proceeding deprived the court of subject matter jurisdiction to proceed relative to the certification. The majority relies on the reasoning of *Clinton* to reach the result here.

The supreme court has granted certiorari to determine whether it was error to rule that "the trial court lacked subject matter jurisdiction ... due to its failure to appoint counsel 'forthwith'...." And, whether or not *Clinton* ultimately proves to be correct, I would not follow it here on the issue of subject matter jurisdiction. Besides having a questionable legal foundation, *Clinton* is, in my view, distinguishable in that respondent Clinton did not consent to any delay as did the respondent here.

The trial court's subject matter jurisdiction over this proceeding is based on the grant of authority found in § 27–10–111, C.R.S. (1982 Repl. Vol. 11). This statute provides, in pertinent part:

"(1) Hearings before the court under section 27–10–107 ... shall be conducted in the same manner as other civil proceedings before such court...."

. . . .

"(4) The court in which ... the certification is filed under section 27–10–107 shall be the court of original jurisdiction and of continuing jurisdiction for any further proceedings under this article...."

According to this statute, the court's subject matter jurisdiction is invoked by the filing of a petition or a notice of certification with the court. Once invoked, it continues like any other civil proceeding.

Pursuant to § 27–10–107(6), C.R.S. (1987 Cum.Supp.), respondent had the right to have the certification for short-term treatment reviewed within ten days after he filed his written request for such review. However, this requirement is primarily for the respondent's protection, and there is no valid reason why he cannot waive this right or, as here, consent to a delay.

Respondent's other contentions for reversal are without merit. Therefore, I would affirm the order of the trial court confirming respondent's certification.