The PEOPLE of the State of
Colorado, Petitioner,

In the Interest of William
LYNCH, Respondent.

No. 88SC198.

Supreme Court of Colorado,
En Banc.

Nov. 27, 1989.

Thomas O. David, Weld County Atty., Jan Rundus, Asst. County Atty., Greeley, for petitioner.

Joseph H. Hellewell, Greeley, for respondent.

Justice LOHR delivered the Opinion of the Court.

In *People in Interest of Lynch*, 757 P.2d 145 (Colo.App.1988), the Colorado Court of Appeals held that the failure to convene a hearing within ten days after the respondent, William Lynch, requested review of his certification for involuntary short-term mental health treatment pursuant to section 27–10–107, 11B C.R.S. (1989), deprived the district court of subject matter jurisdiction. We granted the People's petition for certiorari, and we now reverse the judgment of the court of appeals.

## I.

On June 23, 1986, William Lynch was detained by officers of the Platteville police department for seventy-two hours of mental health treatment and evaluation at North Colorado Medical Center, located nearby in Greeley, pursuant to section 27–10–105, 11B C.R.S. (1989). At the request of persons treating Lynch, he was moved under authority of court order on June 24, 1986, to the Colorado State Hospital in Pueblo. *See* § 27–10–107(8), 11B C.R.S. (1989). The next day, Lynch was certified for short-term involuntary mental health treatment pursuant to section 27–10–107. The certification was filed in the Weld County District Court on June 27, 1986, as required by subsection 27–10–107(2). The district court appointed counsel to represent Lynch on June 30, 1986. *See* § 27–10–107(5).

Lynch, through counsel, requested a certification hearing to review his involuntary commitment on July 17, 1986, and also moved that the proceeding be transferred from Weld County to Pueblo County. *See* § 27–10–111(4), 11B C.R.S. (1989). Under subsection 27–10–107(6), the certification hearing was required to be held within ten days after the request. Lynch's motion for transfer, however, included a waiver by counsel to allow an additional five days to be added to that ten-day period. The district court granted the motion and transferred the proceeding to Pueblo County District Court on July 17, 1986. On July 22, 1986, the People filed a motion in Pueblo County District Court to transfer venue back to Weld County District Court, citing the presence of witnesses in Weld County and the expense and inconvenience involved in transporting them to Pueblo County for the hearing. On July 23, 1986, the district court granted the request. Later the same day, the Weld County District Court appointed local co-counsel to represent Lynch.

The certification hearing was held on July 30, 1986. After the jury was impaneled, but prior to the examination of witnesses, Lynch moved that he be discharged,[1] citing the trial court's failure to hold the hearing within ten days of receiving Lynch's written request as required by subsection 27–10–107(6). The trial court denied Lynch's motion and proceeded with the hearing. Following brief deliberations, the six-person jury returned answers to interrogatories set forth on a special verdict form. Based on those answers, the court discharged Lynch from certification. Lynch was taken back into custody a short time later, however, after the district court granted the People's motion for judgment notwithstanding the verdict and upheld Lynch's certification for short-term treatment.[2]

Lynch appealed the district court's order confirming his certification for short-term treatment. In *People in Interest of Lynch*, 757 P.2d 145 (Colo.App.1988), the court of appeals vacated the district court's order. Based on its decision in *People in Interest of Clinton*, 742 P.2d 946 (Colo. App.1987), *rev'd*, 762 P.2d 1381 (Colo.1988), then pending certiorari review by this court, the court of appeals concluded that failure to convene a mental health certification hearing within ten days after such a hearing is requested pursuant to subsection 27–10–107(6) deprives the district court of subject matter jurisdiction. *Lynch*, 757 P.2d at 146. The court of appeals further held that the district court's subject matter jurisdiction could not be extended beyond the ten-day period by Lynch's purported five-day waiver, *id.*, and therefore, although the hearing was held within fifteen days, the district court's order certifying Lynch for short-term treatment was void. *Id.*

Judge Van Cise dissented in part because he considered the legal foundation of *Clin-*

---

**1.** Lynch's oral motion did not specifically request discharge as a remedy for exceeding the ten-day hearing requirement, but that clearly was its objective.

**2.** The jury had answered "no" to one of the special interrogatories in the verdict form relat-

ing to an essential element of the People's case. The trial court apparently determined that the element had been established by uncontroverted evidence and entered judgment notwithstanding the verdict on that basis. The propriety of that ruling is not before us on certiorari review.

*ton* questionable and we had already granted certiorari in *Clinton* to review the reasoning in that case relied on by the majority. *Id.* Furthermore, the dissent distinguished *Clinton* based on the fact that the respondent in that case, unlike Lynch, did not waive the ten-day hearing requirement or consent to any delay in the proceedings.[3] *Id.* The dissent also pointed out that the district court's subject matter jurisdiction over certification hearings is based on section 27–10–111, under which "subject matter jurisdiction is invoked by the filing of a petition or a notice of certification with the court. Once invoked, it continues like any other civil proceeding." *Id.* Finally, the dissent reasoned that the right to a certification hearing within ten days after a request is made is primarily for the committed person's protection, and thus "there is no valid reason why he cannot waive this right or, as here, consent to a delay." *Id.*

## II.

Procedures for involuntary civil commitment of the mentally ill are prescribed by statute. *See* §§ 27–10–101 to –129, 11B C.R.S. (1989); *People in Interest of Dveirin*, 755 P.2d 1207, 1208–09 (Colo.1988). As we recently noted in *People in Interest of Clinton*, 762 P.2d 1381 (Colo.1988), cases in which we have reversed mental health commitments for failure to comply strictly with statutory requirements fall into two broad categories. *Id.* at 1384.

The first category of cases involves some failure to comply with essential statutory requirements in mental health certification proceedings. *Id.* at 1384–85. On several occasions, this court has held that such failure constitutes reversible error, requiring dismissal of the certification proceedings and invalidation of orders entered pursuant to those proceedings. *See, e.g., Hultquist v. People*, 77 Colo. 310, 236 P. 995 (1925) (failures to deliver copy of complaint to respondent in lunacy proceeding,

to give guardian ad litem requisite notice of lunacy commission hearing and to allow respondent the statutorily mandated five-day period for requesting a jury trial); *Okerberg v. People*, 119 Colo. 529, 205 P.2d 224 (1949) (failure to give five-day notice of lunacy commission proceeding); *Watkins v. People*, 140 Colo. 228, 344 P.2d 682 (1959) (failure to observe statutory five-day waiting period before executing commitment order); *Ford v. District Court*, 179 Colo. 64, 498 P.2d 1125 (1972) (reliance on out-of-state incompetency adjudication rather than statutory procedures).

The other category of cases involves defects in notice or process, or attempts by courts to exercise power over persons residing outside the statutorily prescribed territorial limits of the courts' jurisdiction in mental health cases. *Clinton*, 762 P.2d at 1384–85. Unlike the first category of cases, where these latter forms of noncompliance with statutory provisions were found we held that a jurisdictional defect was created, preventing the district court from acquiring the power to act. *See, e.g., Iwerks v. People*, 130 Colo. 86, 273 P.2d 133 (1954) (faulty service of process); *Kendall v. People*, 126 Colo. 573, 252 P.2d 91 (1952) (attempted exercise of jurisdiction over nonresident of county).

In the present case, the court of appeals, relying on its decision in *People in Interest of Clinton*, 742 P.2d 946 (Colo.App.1987), held that the district court's failure to hold a certification review hearing within ten days after Lynch requested one created a jurisdictional defect, depriving the court of any further power to act on the request. *Lynch*, 757 P.2d at 146. The court of appeals added that Lynch's purported waiver to allow five days to be added to the ten-day period for hearing in order to gain a change of venue could not extend the court's subject matter jurisdiction. *Id.* at 146. Consequently, the district court's or-

---

**3.** The respondent in *Clinton* did consent to the addition of five days to the ten-day hearing requirement under § 27–10–107(6) in her motion to transfer the case to another court. At issue in that case, however, was the district court's four-business-day delay in appointing counsel to represent Clinton at the certification hearing pursuant to § 27–10–107(5), 11B C.R.S. (1989), and not the requirement that a hearing be convened within ten days of a request. *Clinton*, 762 P.2d 1381, 1390 (Colo.1988).

der confirming Lynch's certification for short-term treatment was void. *Id.*

The court of appeals did not have the benefit of our subsequent decision in *Clinton* when it reached this conclusion. In *Clinton*, after delineating the two broad categories of cases involving failure to comply strictly with statutory certification procedures, we rejected as dictum our statement in *Barber v. People*, 127 Colo. 90, 254 P.2d 431 (1953), that in a lunacy proceeding, governed entirely by statute, failure to comply strictly with the statute's provisions resulted in the court having "no jurisdiction to act." *Clinton*, 762 P.2d at 1384–85, quoting *Barber*, 127 Colo. at 95, 254 P.2d at 434.

■ Under *Clinton*, the proper analysis of cases involving deviations from the statutory requirements governing mental health certification proceedings involves two sets of inquiries: (1) whether the defect involves "notice or process, or failure to satisfy the statutory [residence] requirements limiting the court's jurisdiction," resulting in a jurisdictional defect, *id.* at 1385; or, if a non-jurisdictional deviation is involved, whether the defect concerns a failure to comply with essential statutory provisions grave enough to "undermine confidence in the fairness and outcome of the certification proceedings." *Id.* at 1389.

## III.

■ We begin by reviewing for jurisdictional concerns the district court's failure to hold a hearing within ten days after Lynch's written request. "A court's jurisdiction consists of two elements: jurisdiction over the parties (personal jurisdiction) and jurisdiction over the subject matter of the issue to be decided (subject matter jurisdiction)." *Clinton*, 762 P.2d at 1386. Because Lynch does not raise the possibility of a defect in the district court's personal jurisdiction, and the record does not suggest one, we will confine our discussion to subject matter jurisdiction.

A district court's subject matter jurisdiction over mental health proceedings is governed by section 27–10–111, 11B C.R.S.

(1989). Subsection 27–10–111(4) provides in pertinent part as follows:

> The court in which the petition is filed under section 27–10–106 or the certification is filed under section 27–10–107 shall be the court of original jurisdiction and of continuing jurisdiction for any further proceedings under this article.

Under this subsection, the act of filing a petition for court-ordered evaluation under section 27–10–106 or certification for short-term treatment under section 27–10–107 confers subject matter jurisdiction on the court in which the petition or certification is filed. That court becomes the court of original and continuing jurisdiction absent a transfer of the proceeding to a more convenient location under subsection 27–10–111(4).

At any time after a person is certified for short-term mental health treatment, he or she may obtain judicial review of the certification. Subsection 27–10–107(6) provides that

> [t]he respondent for short-term treatment or his attorney may at any time file a written request that the certification for short-term treatment or the treatment be reviewed by the court or that the treatment be on an outpatient basis. *If review is requested, the court shall hear the matter within ten days after the request....*

(emphasis added). The statutory provision governing the district court's subject matter jurisdiction, section 27–10–111, contains no mention of the ten-day hearing requirement and is unaffected by it. "[T]he filing of the certification is the only act required by section 27–10–111(4) to invoke the court's subject matter jurisdiction." *Clinton*, 762 P.2d at 1387.

The statutes contain no suggestion that failure to satisfy the requirement that a hearing be held within ten days after review is requested vitiates the continuing subject matter jurisdiction of the court. Rather, as in *Clinton*, where we held that the violation of the statutory requirement for appointment of an attorney forthwith did not vitiate the court's subject matter jurisdiction, 762 P.2d at 1388, so in the

present case the failure to satisfy the ten-day hearing requirement did not divest the court of subject matter jurisdiction. The court of appeals therefore erred in holding "that failure to convene a hearing within 10 days after a request is made, as mandated by section 27–10–107(6) ... deprives the court of any further jurisdiction to act on the petition." *Lynch,* 757 P.2d at 146. Accordingly, we must apply the appropriate analysis for non-jurisdictional deviations from mandatory statutory requirements in mental health proceedings to determine whether the certification should have been vacated because of the delay in holding the hearing.

## IV.

### A.

If a defect is non-jurisdictional, the key inquiry is whether the failure violates an "essential condition" of the statute. As we explained earlier, under *Clinton* this requires that we assess whether a violation is grave enough "to undermine confidence in the fairness and outcome of the certification proceedings." *Id.* 762 P.2d at 1389.

The assessment is accomplished "by (1) evaluating the gravity of the deviation from statutory provisions, including a consideration of due process concerns, and (2) determining any prejudice to the respondent caused by the deviation." *Id.* (footnote omitted). Consequently, "it is necessary to consider not only the inherent importance of the statutory provision but also the nature and degree of the deviation from the requirements of the statute." *Id.* at 1389 n. 4. We also noted in *Clinton,* however, that "in some cases it may be necessary to determine whether the statutory requirements were waived." *Id.* at 1389. We conclude in the present case that the ten-day hearing requirement was properly waived. This makes it unnecessary to engage in an analysis of whether absent the waiver, the failure to hold the hearing

within ten days was such a grave violation as to require vacation of the certification.

### B.

■ Lynch's written request for a hearing to contest his certification for short-term treatment was filed in Weld County District Court on July 17, 1986. The request stated that Lynch "hereby puts at issue, all of the terms and conditions of the certification including the failure to strictly adhere to any and all statutory provisions relating to the certification and purported treatment."

The certification hearing was eventually held on July 30, 1986, thirteen days after Lynch's request for review was filed with the district court. Clearly, then, there was a deviation from the statutorily mandated procedural requirement that a hearing be held within ten days. Lynch's request for a hearing was accompanied by several other motions filed on the same day, including a motion for transfer of the proceeding to Pueblo County District Court. *See* § 27–10–111(4). The latter motion stated that "counsel waives a five (5) day right for speedy trial for the purpose of transferring case to Pueblo County." [4] By acceding to an additional five days in which the hearing could be held, Lynch's waiver extended the time for a hearing to August 1, 1986.

Whether a statutory requirement has been properly waived depends upon the nature of the requirement. If the requirement implicates the court's subject matter jurisdiction, it cannot be waived. *Triebelhorn v. Turzanski,* 149 Colo. 558, 561, 370 P.2d 757, 759 (1962); *Clinton,* 762 P.2d at 1388 n. 3. On the other hand, personal jurisdiction requirements may be expressly or impliedly waived. C.R.C.P. 12(h)(1); *Clinton,* 762 P.2d at 1388 n. 3. The statutory requirement at issue in the present case does not implicate either subject matter jurisdiction or personal jurisdiction. We did not settle the issue of the effect of a properly executed waiver of strictly non-

---

4. Lynch argues that the waiver did not extend to delay occasioned by the retransfer of the proceeding from Pueblo County to Weld County District Court. We conclude, however, that in the absence of any showing that the retransfer was improper, the waiver continued to be effective for the full fifteen day period.

jurisdictional statutory requirements in mental health proceedings in *Clinton.* In that decision we clearly implied, however, that a non-jurisdictional statutory requirement can be waived. Furthermore, we have stated that a mandatory notice requirement in statutorily governed mental health proceedings may be "properly waived." *Hultquist,* 77 Colo. at 316, 236 P. at 998.

The waiver involved in *Clinton,* like the waiver in the present case, was included in the respondent's motion for transfer of the proceeding and purported to extend for five days the ten-day speedy trial period in order to facilitate a change of venue. *Clinton,* 762 P.2d at 1383. But whereas in *Clinton* the waiver only tangentially affected the deviation from statutory procedure at issue there, specifically, a four-business-day delay in the appointment of counsel for the respondent after a certification for short-term treatment had been filed, the waiver in this case relinquished strict adherence to the very requirement Lynch later accused the district court of violating. Lynch, through counsel, waived the right to a hearing within ten days in order to obtain a change of venue. He has never suggested that his waiver was uninformed or otherwise less than freely given.

A review of the record satisfies us that Lynch properly waived his statutory right to a hearing within ten days, and that the hearing he received thirteen days after requesting one fell within the fifteen-day framework originally acceptable to him. We agree with the dissent in the court of appeals in this case that the statutory right to a mental health certification review hearing within ten days of the filing of a petition for certification is primarily for the protection of the certified person. As long as that person properly waives the right to strict adherence to this non-jurisdictional statutory requirement, and the hearing is eventually held within the terms agreed to in the waiver, no further inquiry is necessary. Of course, in cases where there is no waiver, or the waiver is invalid in some respect, the full two-stage analysis mandated by *Clinton* and described earlier will be required.

Application of the principles established in *Clinton* to the facts of this case requires that the judgment of the court of appeals be reversed. We remand the case to the court of appeals for reinstatement of the district court's order confirming the short-term certification of the respondent.