The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of Anna LLOYD– PELLMAN, Respondent– Appellant.

No. 92CA0287.

Colorado Court of Appeals, Div. I.

Dec. 3, 1992.

H. Lawrence Hoyt, Boulder County Atty., Leslie Wright Lacy, Asst. County Atty., Boulder, for petitioner-appellee.

Evan Freirich, Boulder, for respondent-appellant.

Opinion by Chief Judge STERNBERG.

Respondent, Anna Lloyd–Pellman, appeals a judgment entered on a jury verdict finding her mentally ill and gravely disabled and certifying her for a three-month involuntary hospitalization. She also appeals a related order compelling the involuntary administration of medication. We reverse.

Respondent appeared in Boulder County Court for an eviction proceeding. Based on her behavior during the hearing, the judge became concerned as to her mental health and initiated a 72–hour mental health hold pursuant to § 27–10–105, C.R.S. (1989 Repl. Vol. 11B).

The judge initiated the hold by completing and signing a standard emergency mental illness report and application form. The form contained terms to be circled which described the respondent's appearance, general behavior, and emotional reaction. There was also space for a written narrative, in which the judge set forth her observations of the respondent's behavior during the hearing. After the narrative, although not on the signature line, the form was signed by the county court judge.

A psychiatrist evaluated respondent, determined that she was mentally ill and gravely disabled, and certified her as such to the district court pursuant to § 27–10–107, C.R.S. (1989 Repl.Vol. 11B).

The certification was upheld following a jury trial. While the jury was recessed, the court held a hearing on the issue of compelled medication and, finding it warranted, so ordered.

In this appeal, respondent claims that the certification process was invalid as the 72–hour hold was improperly initiated and that the court erred in determining compelled medication was necessary. She argues that the district court did not obtain subject matter jurisdiction over the proceedings because they were initiated by a county court judge. We agree and find this dispositive.

Under § 27–10–105(1), C.R.S. (1989 Repl. Vol. 11B), a person may be detained involuntarily for a 72–hour mental health evaluation if that person appears to be mentally ill and, as a result, appears to be a danger to self or to others or appears to be gravely disabled. That section provides that a 72–hour hold may be initiated in one of two ways.

Section 27–10–105(1)(a), C.R.S. (1989 Repl.Vol. 11B) provides that a peace officer, professional person (physician or psychologist), registered nurse with psychiatric or mental health training, or a clinical social worker may cause the person to be taken into custody based on a finding, supported by probable cause, of danger or grave disablement.

Section 27–10–105(1)(b), C.R.S. (1989 Repl.Vol. 11B) allows a court to order a person taken into custody based on an affidavit "sworn to or affirmed before" the court. Before issuing the order, the court must first determine that the affidavit relates sufficient facts to establish that the person appears to be mentally ill and, as a result of such mental illness, appears to be a danger to self or to others or appears to be gravely disabled.

Section 27–10–102(1), C.R.S. (1989 Repl. Vol. 11B) provides that under this statute:

"Court" means any district court of the state of Colorado and the probate court in the city and county of Denver.

After the evaluation, a petition for certification for short-term treatment lasting no longer than three months may be filed in the district court pursuant to § 27–10–107(1), C.R.S. (1989 Repl.Vol. 11B).

■ Because of the curtailment of personal liberty which results from certification of mental illness, strict adherence to the procedural requirements of the civil commitment statutes is required. *People in Interest of Dveirin,* 755 P.2d 1207 (Colo. 1988).

■ The proper analysis of cases involving deviations from the statutory requirements governing mental health certification proceedings involves a two-part inquiry.

The first question is whether the defect involves notice, process, or the improper exercise of power over persons residing outside the statutorily prescribed limits of the court's jurisdiction in mental health proceedings. Such a defect may deprive the court of subject matter jurisdiction.

If the defect is non-jurisdictional, the court must determine whether the defect concerns a failure to comply with essential statutory provisions grave enough to undermine confidence in the fairness and outcome of the proceedings. *People in Interest of Lynch,* 783 P.2d 848 (Colo.1989); *People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988).

■ Respondent argues that a jurisdictional defect exists as the 72–hour hold was initiated by a county court judge in derogation of the express language of § 27–10–105(1) in that such a judge is neither a district court judge nor an enumerated person empowered to order a hold under the statute. Consequently, respondent argues, a county court judge may not, under the statute, order a person taken into custody based solely on her own observations.

The People respond that, although the county court judge may have initiated the evaluation and application form, the respondent was likely transported to the hospital by a police officer, who, the People speculate, may have forgotten to sign the form. They contend that this provides sufficient statutory compliance under § 27–10–105(2), C.R.S. (1989 Repl.Vol. 11B).

In the alternative, they argue that any defect based on an improper initiation of the 72–hour hold was non-jurisdictional and not grave enough to "undermine confidence in the fairness and outcome" of the process. *People in Interest of Lynch,* 783 P.2d at 851.

We are not persuaded by the People's argument. Section 27–10–105(2) merely provides that a treating facility shall require a written application stating the circumstances and facts which caused the statutorily authorized person to take the subject into custody. Further, there is no evidence in the record to support the contention that the evaluation of the respondent was actually made not by the county court judge but by an unknown transporting police officer based on observations provided by the judge.

We note that had the county court judge called respondent's behavior to the attention of a peace officer or presented her observations of respondent in the form of an affidavit to a district court judge, such officer or district court judge could have properly ordered a hold. The record demonstrates, however, that such did not occur here.

■ We hold that when a 72–hour hold is initiated by a person not statutorily authorized to do, the result is a defect of process depriving the court of subject matter jurisdiction over the proceedings. *See People in Interest of Lynch, supra; People in Interest of Schmidt,* 720 P.2d 629 (Colo. App.1986) (Absent a proper mental health hold, court may not consider a petition for short-term certification).

The trial court acknowledged the existence of the problem after the respondent raised it *in limine:*

> I think that it's clear that [the county court judge] should not have been the committing authority, so to speak. I think that it's contemplated by section (1)(b) that some independent judgment be exercised. And that means that, if a judge feels that a person before them is in need of short-term certification, then the judge fills out an affidavit and the appropriate mental health judge makes the decision. And so, I think that there

is a defect in the initial proceeding in this case.

█ Although recognizing the problem, the court concluded that the subsequent certification, made after evaluation during the 72–hour hold period, "cured" the defect. We disagree.

█ If a defect in a statutory requirement implicates the court's subject matter jurisdiction, it cannot be waived and may be raised at any time. *People in Interest of Lynch, supra.* Once a certification is filed pursuant to § 27–10–107, a district court obtains jurisdiction over the proceedings. Section 27–10–111(4) C.R.S. (1989 Repl.Vol. 11B). However, § 27–10–107(1) authorizes a certification for a person "detained for seventy-two hours *under the provisions of section 27–10–105.*" (emphasis added). If, as here, the provisions of § 27–10–105 are not followed, the certification, however credible in its factual findings, can not cure the jurisdictional defect. To hold otherwise would render the express statutory procedures set forth in § 27–10–105(1) a nullity.

As the county court judge was not authorized to initiate a 72–hour hold, the hold was invalid and the district court did not obtain subject matter jurisdiction over respondent's mental health proceedings. Accordingly, the court was without authority to enter judgment on the jury verdict ordering a short-term commitment.

Because we hold that the court lacked jurisdiction over the mental health proceedings, it follows that the compelled medication order cannot stand.

The judgment of involuntary hospitalization and order compelling medication are reversed.

NEY and DAVIDSON, JJ., concur.