The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

v.

Frank J. **GILFORD**, Respondent–Appellant.

No. 97CA1263.

Colorado Court of Appeals, Div. III.

Nov. 27, 1998.

Rehearing Denied Dec. 24, 1998.

Certiorari Granted July 26, 1999.*

---

* Justice SCOTT does not participate.

Daniel E. Muse, City Attorney, R.W. Hibbard, III, Assistant City Attorney, Denver, Colorado, for Petitioner–Appellee.

Judith M. Firestone, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge MARQUEZ.

Respondent, Frank Gilford, appeals the judgment of the probate court granting the People's petition for long-term care and treatment and request for involuntary medications. We vacate the judgment and remand for further proceedings.

Respondent has an extensive history of hospitalization and treatment at mental health centers. In December 1996, following a court-ordered evaluation, he was certified for short-term care and treatment pursuant to §27–10–107, C.R.S.1998. The certification was subsequently extended in March 1997, to June 6, 1997, and an accompanying motion for involuntary medication was granted at the same hearing.

The record indicates that respondent did not comply with the court ordered treatment and was not seen after April 3, 1997. The following week, the court granted a motion to take the respondent into custody. However, the sheriff filed a statement with the court on May 22 that he was unable to locate him.

The next day the People filed a petition for long-term care and treatment and on May 29 mailed a copy to respondent's attorney. Because respondent could not be located, the petition was not served on him. However, a hearing was scheduled for June 6, 1997.

Alleging that respondent had not been personally served with notice of the hearing as required by §27–10–109(2), C.R.S.1998, respondent's attorney objected to the hearing and moved to dismiss. The probate court denied respondent's motion, proceeded with the hearing, granted the petition for long-term care and treatment, and also granted the People's motion for an order extending authorization of certain medical treatment. This appeal followed.

## I.

Respondent asserts that the trial court erred when it failed to grant his motion to dismiss the petition for long-term certification. He argues that he was not given a copy of the petition, had no notice of the hearing, and was not brought to court. Accordingly, he contends that he was not afforded due process. We conclude that dismissal was not warranted, but also conclude that further proceedings are necessary.

Procedures for involuntary civil commitment of the mentally ill are prescribed by statute. *People in Interest of Lynch*, 783 P.2d 848 (Colo.1989).

To obtain a court-ordered mental health evaluation, §27–10–106(6), C.R.S.1998, requires that, at the time the person to be evaluated is taken into custody, a copy of the petition and the order for evaluation "shall be given to the respondent." Section 27–10–107(3), C.R.S.1998, provides that, in regard to certification for short-term treatment, within twenty-four hours of certification, copies of the certification shall be personally delivered to the respondent. For long-term care and treatment, §27–10–109(2), C.R.S. 1998, provides that a copy of the petition "shall be delivered personally to the respondent for whom long-term care and treatment is sought and mailed to his attorney of record simultaneously with the filing thereof."

■ Because of the curtailment of personal liberty which results from a certification for involuntary treatment, strict adherence to the procedural requirements of the civil commitments statutes is required. Each certification proceeding requires that a statutorily mandated time has elapsed, and each step in the proceedings is in this sense sequential and dependent upon the earlier proceedings for its existence. *People in Interest of Dveirin*, 755 P.2d 1207 (Colo.1988).

Nevertheless, we reject respondent's assertion that failure to comply with the statutory requirement for personal delivery of a copy of the petition requires dismissal.

■ Here, as a preliminary matter, by virtue of service in the short-term certification proceeding, the probate court had personal jurisdiction over respondent at the time of the hearing on this matter.

As noted above, in the present case, respondent has a long history of treatment and hospitalization, and the record indicates that he has undergone a court-ordered evaluation and has been certified for short-term care and treatment which was subsequently extended. During this time, an order was entered requiring him to receive involuntary medications.

■ While there is some authority indicating that respondent's presence at a hearing is not required, *see People v. Medina*, 705 P.2d 961 (Colo.1985), here, the statute specifically requires service upon the respondent. The obvious purpose of this requirement is to provide him the opportunity to be present at a hearing, to confront witnesses, and be heard. Thus, because the hearing occurred without personal delivery of a copy of the petition, respondent was deprived of these opportunities.

■ However, we conclude that if respondent declines treatment, he cannot further frustrate efforts to provide treatment under long-term certification procedures by making himself unavailable for service. Because certain procedural requirements are imposed by statute, such an approach would effectively defeat any effort at long-term certification. *See People in Interest of Dveirin*, *supra* (each step in the proceedings is dependent upon the earlier proceedings for its existence).

Further, when a party's own actions prevent timely completion of certain statutory requirements, the time for completion may be extended. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094 (Colo. 1996)(at times equity may require a tolling of a statutory period where flexibility is required to accomplish the goals of justice); *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850 (Colo.1992)(equity will toll a statute of limitations if a party fails to disclose information that he is legally required to reveal and the other party is prejudiced thereby).

■ Thus, we also conclude that, when a respondent is unavailable for service, any

existing court orders for short-term certification and involuntary medication are continued and that the relevant time limits for a hearing on a petition for long-term care are tolled until a copy of the petition for long-term care can be personally delivered to the respondent. Accordingly, dismissal of the petition at issue here is inappropriate.

In our view, continuing the short-term orders in effect until a copy of the new petition can be provided to respondent, as required by the statute, ensures that a fair balance is struck between the interests of the individual and the interests of society. *See People in the Interest of Clinton,* 762 P.2d 1381 (Colo. 1988).

While the statute does not specifically provide for the procedure we employ here, implicit in its provisions is an assumption that a respondent will be available for service. And, because respondent has been unavailable for service, he will not be prejudiced by any delay if he is ultimately provided notice and an opportunity to be heard.

## II.

Because of our disposition we do not address the parties' remaining contentions regarding the adequacy of the hearing on the petition for long-term certification.

Accordingly, the judgment for long-term certification is vacated, and the cause is remanded with directions to provide for personal delivery of a copy of the petition to respondent. The order for short-term certification and involuntary medication shall remain in effect until respondent can be served and a hearing, if requested, is held.

Judge PLANK and Judge DAVIDSON concur.