No. 16,200.

OKERBERG *v*. THE PEOPLE.
(205 P. [2d] 224)

Decided April 4, 1949.

Mr. JOHN W. ELWELL, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Acting Deputy, Mr. FRANK A. WACHOB, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

DECEMBER 14, 1946, a complaint in lunacy, based on '35 C.S.A., chapter 105, section 3, was filed against

plaintiff in error. On the same day, the court, proceeding by virtue of section 2, ibid., appointed a lunacy commission to make inquiry in re said complaint. December 19, 1946, the commission having reported adversely to plaintiff in error, the court adjudged him to be mentally incompetent, and committed him to the Veterans Hospital at Fort Lyons, Colorado. Subsequently, by order of the court, plaintiff in error was transferred to the Colorado State Hospital, where he is now being held in custody pursuant to, and in virtue of, said commitment and order of transferral.

In challenge, plaintiff in error specifies, inter alia, that since the record affirmatively shows he was not given five days' notice of the first meeting of the lunacy commission as provided by law, invalidity attends all the orders of the trial court in the premises. His reliance in section 2 of the act, already cited, the applicable portion of which reads: "The judge must, by order, fix the time and place for the first session of the commission, and at least five days' notice of such time and place shall be given by the clerk of the court or the judge thereof to the person complained of as hereinafter provided, unless in an aggravated case, waiver of such notice is made by the guardian ad litem with the permission of the court or the judge thereof."

 It appears that, Saturday, December 14, 1946, was the filing date. In consequence that day must be eliminated, and since in matters where the time prescribed or allowed is less than seven days (five days here), the intervening Sunday also must be excluded. Rule 6(a), R.C.P. Colo. It follows that December 19, 1946, when plaintiff in error was adjudged to be mentally incompetent and committed, was the fourth day, or one day less than the minimum requirement of notice. It further appears, that, February 2, 1949, plaintiff in error, proceeding in the trial court, filed a petition in which he emphasized the state of the record in the particulars already narrated, and prayed that the order

approving the report of the lunacy commission be vacated, set aside and held for naught, and that the order committing him be vacated. The petition was denied the same day.

In *Hultquist v. People*, 77 Colo. 310, 236 Pac. 995, and where the identical point was presented, we said "that giving of this notice [the five-day one] is mandatory, * * * and must be strictly complied with." Addressing ourselves further to the question there, we added that the notice is "as essential as if it was commanded by the Constitution." Our order there was, that, "The approval and commitment orders * * * are reversed and set aside and the lower court is instructed to vacate the same and dismiss the proceeding."

Proceeding consistently, and as we think justice requires, an order not unlike the one in the Hultquist case should be entered here. Our conclusion in that regard, as we are pleased to acknowledge, conforms to a formal confession of error filed by the Attorney General, who, acting on an exhaustive study by himself and his staff, advises "that all of the orders issued by the court in this matter were and are invalid and ineffective and should be set aside and held for naught, and the said William F. Okerberg ordered to be discharged from said Colorado State Hospital."

We are constrained to add, as appears from the record, that, so far as the public is concerned, plaintiff in error seemingly is harmless, his incapacity and consequent encounter with the authorities being attributable to "acute alcoholism" born of overindulgence in strong drink. During much of the time since the adjudication of his incompetency, he has been permitted to be at large, and in the course thereof he has had remunerative employment. His present incarceration, although resting on his original commitment, had immediate genesis in his return to the inexcusable habit which worked his embarrassment. The failure of the trial court to observe the procedural rule, which we empha-

sized in the Hultquist case, and only that, is the moving cause for our order of discharge. Plaintiff in error is admonished that he may not safely depend on a like oversight by the trial court in any subsequent proceeding.

Let orders of reversal of the judgment, and for discharge of plaintiff in error be entered.