No. 19,001.

PERRY R. WATKINS *v.* PEOPLE OF THE
STATE OF COLORADO.
(344 P. [2d] 682)

Decided September 14, 1959.   Rehearing denied October 19, 1959.

Mr. ROBERT W. CADDES, Mr. ALFRED L. CAPRA, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

THE plaintiff in error was adjudicated mentally ill by the County Court of the City and County of Denver on March 13, 1958. The medical commission report was made on March 11, 1958. He seeks review of the Order of the County Court of the City and County of Denver denying his motion to vacate and set aside the Order of Commitment made on February 19, 1959.

It appears that the plaintiff in error has been released from the State Hospital at Pueblo and that he sought a decree recognizing his restoration. This was also denied by the county court but the propriety of this ruling is not in question here.

The plaintiff in error did not demand a jury trial in accordance with C.R.S. 1953 (Cum. Supp.), 71-1-13. However, the county court order for the delivery of the plaintiff in error to the custody of the Colorado State Hospital was entered just two days after the commission report.

Plaintiff in error contends that the applicable statute, 71-1-13, contemplates that the Commitment Order shall not be executed until the five day waiting period has passed and that failure of the county judge to observe this deprived him of his right to demand a jury trial during the five day period. The applicable statute provides:

"71-1-13. *Review.* — Any respondent or his attorney, his guardian ad litem, his legal guardian, parent, spouse, or adult next of kin may, within five days after the entry of the order of adjudication or commitment, file a demand in writing with the court having jurisdiction that the questions considered by the medical commission be tried by a judge or by a jury in such court. If the respondent requests a trial by jury, the court shall, within one month, cause a jury of six persons to be summoned,

230

and the trial shall be had as provided by law for the trial of civil causes before a jury. * * * "

■ The question to be determined is whether the Commitment Order, made and executed two days after the report was returned and entered, constituted such an interference with the right of the plaintiff in error to demand a jury trial as to render the adjudication void. We hold that it does.

A similar question was presented in *Hultquist v. People,* 77 Colo. 310, 236 Pac. 995. There, in addition to the jury issue, there was a failure to give notice to the respondent at least five days before the commission hearing, and the Court speaking through Mr. Justice Campbell held that this requirement was mandatory. However, it also appeared that respondent was very quickly removed to Denver from Yuma County following the commission's report and the adjudication based upon it. This was held to have deprived the respondent of the right to demand a jury trial within five days. The Court's language which is pertinent to the present question follows:

" * * * Section 10 of the act provides that if the defendant be dissatisfied with the order of the judge or court, in making the commitment pursuant to the report of the commission, he may within five days after the making of such order demand in writing that the questions considered by the commission be tried by a jury. It is too plain for argument that speeding the defendant by train to Denver within a few minutes after the order was entered deprived her of the right to demand within five days thereafter a jury trial. True, there is some testimony, although unsatisfactory, that the county judge, before the commission began to function, stated to the defendant that she was entitled to a jury trial. The county judge himself has no distinct recollection on the subject. It is not likely that any such statement was made by him at that time, notwithstanding the testimony of a witness that it was made, because the hearing before

the commission had not begun, and the commitment order had not then been made, and the defendant was not then entitled to a jury trial, and she could not request it, until after the commitment order was made and she then had five days within which to make the demand."

In *Barber v. People,* 127 Colo. 90, 254 P. (2d) 431, the Court held all proceedings void by reason of the fact that the sheriff had by interlineation changed the place of confinement. It was there observed that the statutory requirements are mandatory and must be strictly carried out.

We noted in the recent case of *Young v. Brofman,* 139 Colo. 296, 338 P. (2d) 286, that the commission adjudication provided for by C.R.S. 1953 (Cum. Supp.), 71-1-13, is interlocutory and not final and, although we there ruled that the county judge could appoint a conservator in the interim, this holding does not detract from the interlocutory character of the first adjudication.

The Attorney General argues that the county court followed the letter of Sec. 71-1-11 (Cum. Supp.) in that it entered an adjudication within six days following the commission report and that it included therein an order for the commitment or custody of the respondent. However, we do not construe this section as permitting the order of commitment to be *executed* within the five day period. It was proper for the county court to enter the order of adjudication and to provide for commitment, but it was error for the court to authorize the execution of the commitment order within the five days provided by Sec. 71-1-13 to request a jury trial. The order should not have been executed until the respondent had had an opportunity to demand (or fail to demand) his right to a jury trial. Removal of the plaintiff in error to the State Hospital in Pueblo certainly interfered with his right to demand a jury trial and the fact that his attorney or other persons named in the statute as qualified could have made the request, does not serve to cure the error.

■ There is no difference in principle between the instant case and *Hultquist v. People,* supra. A review of the *Hultquist* holding convinces us that it is well founded and that it should be adhered to. Our statute proceeds on the assumption that a demand for jury trial in insanity proceedings can be lost by failure to demand it within the five day period following the acceptance of the report of the commission by the county court. Cf. note 91 A.L.R. 88. However, full effect should be given to this extinguishment provision so that the respondent's right to jury trial is not further restricted and curtailed. In other words, nothing should be done to frustrate the demand during the five day interval granted by the statute.

We conclude that it was error to remove plaintiff in error to the State Hospital during the five day interval and, since the one month period within which he could have been granted a jury trial has passed, we have no alternative but to hold that the proceedings are void. See *Barber v. People,* supra. *Young v. Brofman,* supra, is distinguishable as there a jury trial was possible.

The judgment is reversed and the cause remanded with directions to grant the motion of the respondent to vacate the judgment.

MR. JUSTICE DAY not participating.