## No. 79SA567

**Adrian Sisneros v. The District Court in and for the Tenth Judicial District, State of Colorado; and the Honorable Donald Abram, District Judge in and for the Tenth Judicial District, State of Colorado**

(606 P.2d 55)

Decided February 4, 1980.

Montie L. Barringer, for petitioner.

Mitsuo Ken Ogawa, Assistant County Attorney, for respondents.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21. The petitioner, Adrian Sisneros, seeks an order compelling the respondent district court to vacate its order affirming the certification of the petitioner for short-term treatment for mental illness. We issued a rule to show cause and now make the rule absolute.

Pursuant to section 27-10-107, C.R.S. 1973 (Vol. 11 & 1978 Supp.), a physician certified the petitioner for short-term treatment for mental illness. The petitioner requested a jury hearing (see sections 27-10-107(3) and 27-10-111, C.R.S. 1973 (1978 Supp.)), which was held on November 27, 1979. At the hearing, the certifying physician stated that he had not advised the petitioner of the availability of voluntary treatment for mental illness as required by section 27-10-107(1)(b), C.R.S. 1973. The matter was submitted to the jury, which was instructed to determine whether the petitioner had been advised of the availability of voluntary treatment. Pursuant to a special verdict form, the jury found that no such advice had been given. The jury was then dismissed.

The petitioner moved to dismiss the certification proceeding on the grounds of noncompliance with section 27-10-107(1)(b), C.R.S. 1973. The respondent court denied the motion and entered an order affirming the short-term certification for a period not to exceed ninety days and placed the petitioner in the custody of the state Department of Institutions. The petitioner seeks relief from this order under C.A.R. 21.

The petitioner contends that the respondent court acted in excess of its jurisdiction in affirming his certification for short-term treatment under section 27-10-107, C.R.S. 1973 (Vol. 11 & 1978 Supp.), because the certification proceeding did not comply with the requirements of section 27-10-107(1)(b), C.R.S. 1973. We agree.

Section 27-10-107(1)(b) provides that an individual for whom short-term certification is sought may be:

"certified for not more than three months of short-term treatment under the following conditions:

. . . .

"(b)   The person has been advised of the availability of, but has not accepted, voluntary treatment; but, if reasonable grounds exist to believe that the person will not remain in a voluntary treatment program, his acceptance of voluntary treatment shall not preclude certification."

The language of this section is plain, and its meaning is clear. A two-step inquiry must precede short-term certification under section 27-10-107. *First*, it must be determined whether the person whose certification is sought has been advised of the availability of voluntary treatment for his or her asserted mental illness. If the advisement has not been given, short-term certification is precluded. *Second*, assuming that a proper advisement has been given, it must be determined whether the person whose certification is sought has or has not accepted voluntary treatment, and, further, whether there exist reasonable grounds to believe that the person will not remain in a voluntary treatment program which he or she has accepted. If voluntary treatment has been accepted, and if reasonable grounds exist to believe that the person will remain in a voluntary treatment program, certification is precluded.

The inquiry which must be undertaken pursuant to section 27-10-107(1)(b) is sequential, and a proper advisement of the availability of voluntary treatment for mental illness is a prerequisite to short-term certification. The sequential nature of the inquiry is indicated not only by the plain language of the statute itself, but also by *Colorado Jury Instruction* 32:2, adopted to carry out the procedure set forth in section 27-10-107 (and, we note, by the instruction and special verdict form submitted to the jury in the case before us).

■   Strict adherence to the procedural requirements of the civil commitment statute is required because of the curtailment of personal liberty which results from certification for treatment of mental illness. We have previously held that:

"in an action which is entirely statutory, the procedure therein prescribed is the measure of the power of the tribunal to which jurisdiction of causes arising under the statute is given. There must be a strict compliance with the provisions of such a statute, which are mandatory, and in the absence of such compliance *the court has no jurisdiction to act*. This rule is especially applicable to a statutory proceeding, the object of which is to deprive a person of his liberty." *Barber v. People,* 127 Colo. 90, 95, 254 P.2d 431, 434 (1953) (emphasis added).
*Accord, Young v. Brofman,* 139 Colo. 296, 338 P.2d 286 (1959).

■   We have recently expressed the view that the civil commitment statute must be liberally construed to promote the legislative purpose of encouraging the "use of voluntary rather than coercive measures to secure

treatment and care for mental illness." Section 27-10-101(1)(d), C.R.S. 1973; *Goedecke v. State Department of Institutions*, 198 Colo. 407, 410, 603 P.2d 123, 125 (1979).

We therefore hold that the respondent court exceeded its jurisdiction in affirming the petitioner's short-term certification, in light of the uncontroverted jury finding that the petitioner had not been properly advised of the availability of voluntary treatment for mental illness, as required by section 27-10-107(1)(b).[1]

Rule made absolute.

CHIEF JUSTICE HODGES does not participate.

---

[1] The respondent court based its denial of the petitioner's motion to dismiss the certification proceeding on the grounds that "the testimony proved" that the petitioner "had made several statements that he did not want to remain in treatment and that voluntary treatment was inappropriate." The petitioner characterizes this statement by the respondent court as an unwarranted substitution for a finding of fact previously made by the jury. We need not address this issue, since the subject matter of the respondent court's statement is material only to the *second* inquiry required by section 27-10-107(1)(b), which was itself rendered immaterial by the jury's uncontroverted negative answer to the *first* inquiry under that section.