The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of: Wendy Ann CLINTON, Respondent-Appellant.

No. 86CA0288.

Colorado Court of Appeals, Div. II.

March 19, 1987.

Rehearing Denied April 23, 1987.

Certiorari Granted (People) Sept. 8, 1987.

Thomas O. David, Weld Co. Atty., Jan Rundus, Asst. Co. Atty., Greeley, for petitioner-appellee.

Pueblo County Legal Services, Inc., Judith Firestone, Pueblo, for respondent-appellant.

STERNBERG, Judge.

In this proceeding concerning the certification of an individual for mental health treatment, the dispositive issue concerns the requirement under § 27–10–107(5), C.R.S. (1982 Repl. Vol. 11) that the court appoint an attorney to represent the respondent in a certification proceeding "forthwith." The respondent, Wendy Ann Clinton, argues that this requirement must be met for the court to have subject matter jurisdiction over the certification. Since the trial court found that there was not a forthwith appointment of counsel, she urges that it lacked jurisdiction to confirm her certification. We agree, and therefore reverse.

▮ Because of the curtailment of personal liberty which results from certification for treatment of mental illness, strict adherence to the procedural requirements of the civil commitment statute is required. *Sisneros v. District Court*, 199 Colo. 179, 606 P.2d 55 (1980). On the matter of jurisdiction, in *Barber v. People*, 127 Colo. 90, 254 P.2d 431 (1953), the court stated:

"[I]n an action which is entirely statutory, the procedure therein prescribed is the measure of the power of the tribunal to which *jurisdiction of causes* arising under the statute is given. There must be a strict compliance with the provisions of such a statute, which are mandatory, and in the absence of such compliance, the court has *no jurisdiction to act.* This rule is especially applicable to a statutory proceeding, the object of which is to deprive a person of his liberty." (emphasis added).

▮ While the court in *Barber* did not specify whether it was addressing subject matter jurisdiction or *in personam* jurisdiction, we conclude that the choice of phrases such as "jurisdiction of causes" and "no jurisdiction to act" indicates that the court was concerned with subject matter jurisdiction. Subject matter jurisdiction concerns the court's authority to deal with the *class of cases* in which it renders judgment. *In Re Marriage of Stroud*, 631 P.2d 168 (Colo.1981). A holding that a court has "no jurisdiction to act" eliminates any issue of waiver of personal jurisdiction.

▮ It is true that the trial court here is a court of general jurisdiction. However, when a court is exercising special statutory jurisdiction it is governed by the same rules as courts of limited jurisdiction. *See State ex rel. Kansas City v. Public Service Commission*, 362 Mo. 786, 244 S.W.2d 110 (1951); *Hook v. Wright*, 329 Ill. 299, 160 N.E. 579 (1928), *cited in* 21 C.J.S. *Courts* § 16.

▮ Because the issue of subject matter jurisdiction may be raised at any time, C.R. C.P. 12(h)(3), the trial court erred by holding that the issue of no forthwith appointment of counsel was not timely raised by respondent.

▮ The trial court appointed counsel for the respondent eight days (four business days) after the petition for certification was filed. Where the General Assembly does not specify a precise time limit but uses a term such as "forthwith," determination of whether the particular act was performed "forthwith" is a question of fact, and must be measured by the circumstances of the particular case. *See Moffat v. Dixon*, 3 Colo. 313 (1877). Also, in *People v. Smith*, 673 P.2d 1026 (Colo.App. 1983), we held that the term "forthwith" should be construed as meaning "immediately," or under circumstances of "due diligence" in light of the facts at issue, and without unreasonable delay.

▮ The record shows no reasonable excuse for the four-day delay, and accordingly, the trial court did not abuse its discretion in finding that there had not been a "forthwith" appointment of counsel. There being no forthwith appointment of counsel, the court was without jurisdiction to proceed relative to the certification, and its subsequent order certifying respondent for treatment is void.

Order vacated.

SMITH and BABCOCK, JJ., concur.