The PEOPLE of the State of
Colorado, Petitioner,

In the Interest of Wendy Ann
CLINTON, Respondent.

No. 87SC200.

Supreme Court of Colorado,
En Banc.

Oct. 17, 1988.

Thomas O. David, Weld County Atty., Jan Rundus, Asst. County Atty., Greeley, for petitioner.

Pueblo County Legal Services, Inc., Thomas B. Flesher, Pueblo, for respondent.

LOHR, Justice.

In *People in Interest of Clinton,* 742 P.2d 946 (Colo.App.1987), the Colorado Court of Appeals held that the failure to appoint an attorney "forthwith" to represent the respondent, Wendy Ann Clinton, at a mental health certification proceeding deprived the district court of subject matter jurisdiction. We granted the People's petition for certiorari, and we now reverse the judgment of the court of appeals.

## I.

Wendy Ann Clinton was certified for short-term treatment pursuant to section 27–10–107, 11 C.R.S. (1982), on Friday, November 22, 1985. The certification was filed in the Weld County District Court the following Monday, November 25. Section 27–10–107(5) requires that "[w]henever a certification is filed with the court, the court ... shall forthwith appoint an attorney to represent the respondent." Court was not in session on Thursday or Friday, November 28 and 29, due to the Thanksgiv-

ing holidays, and the district court did not appoint counsel until Tuesday, December 3. This represented a delay of eight days, or four business days, from the date that the certification was filed.

█ Clinton moved for a "change of jurisdiction," § 27–10–111(4), from Weld County to Pueblo County. She waived five days of time [1] to facilitate the change, and the trial court granted the motion on December 27, 1985. On the same day, Clinton requested a hearing in order to contest her certification for short-term treatment.

The case was set for hearing on January 13, 1986, in the Pueblo County District Court. On that day, after the People presented evidence and rested, Clinton moved to dismiss on the ground that counsel had not been appointed "forthwith" as required by section 27–10–107(5), 11 C.R.S. (1982). The district court agreed that counsel had not been appointed forthwith but denied Clinton's request to dismiss because it had not been timely raised and because she had failed to show prejudice by the delay. The court found that Clinton was mentally ill and, as a result of her mental illness, was gravely disabled, and it upheld the certification for short-term treatment.

Clinton then appealed the district court's order upholding the short-term certification. The court of appeals reversed the district court in *People in Interest of Clinton*, 742 P.2d 946 (Colo.App.1987). Based on its interpretation of *Barber v. People*, 127 Colo. 90, 254 P.2d 431 (1953), the court of appeals concluded that because of the failure to comply with the statutory provisions regarding forthwith appointment of counsel in mental health certification proceedings, the district court had "no jurisdiction to act." *Clinton*, 742 P.2d at 947. The court of appeals further held that this jurisdictional defect involved subject matter jurisdiction, and therefore it could be properly raised at any point in the proceedings. *Id.* (citing C.R.C.P. 12(h)(3)).

1. Section 27–10–107(6), 11 C.R.S. (1982), provides that the court shall hold a hearing to review a certification order within ten days after a respondent or her attorney requests a hearing. Clinton's waiver of five days to facilitate the transfer allowed an extra five days in

II.

Since our decision in *Hultquist v. People*, 77 Colo. 310, 236 P. 995 (1925), this court on several occasions has examined the impact of the failure to comply with statutory requirements in mental health certification proceedings. A careful review of these decisions demonstrates an inadequate basis for the court of appeals' conclusion that a failure to appoint counsel forthwith deprives a court of subject matter jurisdiction in such proceedings. Additionally, the court of appeals' conclusion finds no support in established jurisdictional principles. Together, these cases and jurisdictional principles establish that the statutory violation at issue here does not implicate jurisdictional concerns, and that the effect of the violation on the proceedings should be determined by evaluating the gravity of the statutory violation and its prejudicial effect on the respondent.

A.

We first addressed the issue of failure to comply with the statutory requirements for mental health certification in *Hultquist v. People*, 77 Colo. 310, 236 P. 995 (1925). Although the mental health statute at issue in *Hultquist* has since been repealed and replaced, the general principles developed in that case formed the foundation for our later mental health certification decisions and are still applicable today. In *Hultquist*, the respondent challenged the validity of a lunacy proceeding in which the sheriff failed to deliver a copy of the complaint or arrest order to the respondent as required by statute. 77 Colo. at 315, 236 P. at 997. Additionally, the respondent's guardian ad litem was not given the required two-day notice of the lunacy commission hearing nor was the respondent allowed the required five-day period in which to request a jury trial. *Id.* at 316,

which this hearing might be held. *See People in Interest of Lynch*, 757 P.2d 145 (Colo.App.1988) (discussing whether ten day period for hearing may be extended by respondent's waiver), *cert. granted*, No. 88SC198 (Colo.Sup.Ct. June 13, 1988).

236 P. at 998. We held in *Hultquist* that these various deviations from essential statutory requirements constituted reversible error, and thus the commitment proceeding was invalidated. *Id.* at 315, 322, 236 P. at 998, 1000. We explicitly did not decide a jurisdictional issue in *Hultquist,* stating that "it is not necessary to determine whether the alleged failure or errors of the county court are jurisdictional." 77 Colo. at 315, 236 P. at 997.

Most of our cases since *Hultquist* can be divided into two broad categories. First are those cases treating the failure to comply with essential statutory provisions as serious enough to amount to "reversible error" requiring the invalidation of the certification proceedings. *See Okerberg v. People,* 119 Colo. 529, 205 P.2d 224 (1949) (failure to give required five-day notice of lunacy commission meeting invalidates proceeding); *Watkins v. People,* 140 Colo. 228, 344 P.2d 682 (1959) (failure to allow for required five-day waiting period to execute commitment order deprives respondent of opportunity to exercise right to jury trial and invalidates commitment proceeding); *Ford v. District Court,* 179 Colo. 64, 498 P.2d 1125 (1972) (failure to follow statutory commitment procedures by relying on out-of-state incompetency adjudication invalidates Colorado incompetency order).

Second are those cases finding defects in notice or process, or attempts by courts to exercise power over persons not within the scope of the court's statutorily prescribed jurisdiction. In these cases, we held that the court lacked the required jurisdiction over the respondent in order to issue the challenged certification orders. *See Iwerks v. People,* 130 Colo. 86, 273 P.2d 133 (1954) (failure to serve process properly prevents court from acquiring jurisdiction in lunacy proceeding); *Rickey v. People,* 129 Colo. 174, 267 P.2d 1021 (1954) (failure to allege facts showing satisfaction of jurisdictional requirements on face of complaint prevents Denver county court from acquiring jurisdiction where respondent was resident of Elbert County); *Kendall v. People,* 126 Colo. 573, 252 P.2d 91 (1952) (person arrested in Montezuma County and brought to Denver is not a Denver resident, and there-fore is not a person "in [Denver] County" for the purpose of a statute prescribing the Denver court's jurisdiction in lunacy proceedings). *Cf. Isham v. Miller,* 80 Colo. 380, 252 P. 353 (1926) (a resident of Adams County can be subjected to jurisdiction of Adams County court for purposes of lunacy proceeding by service upon him in Denver where statute gives court jurisdiction over any person in the county).

However, some of our cases have also confused these two categories and suggested that deviations from the statutory requirements that did not implicate notice, process, or the statutory limits on the court's jurisdiction nonetheless resulted in jurisdictional defects. *See Sisneros v. District Court,* 199 Colo. 179, 606 P.2d 55 (1980) (failure to advise respondent of availability of voluntary treatment as required by statute deprives court of jurisdiction). The source of this confusion appears to be our decision in *Barber v. People,* 127 Colo. 90, 254 P.2d 431 (1953).

In *Barber* the respondent, Marie Barber, challenged the validity of the lunacy proceedings that resulted in an order committing her to the Colorado State Hospital. 127 Colo. at 91, 94, 254 P.2d at 431–33. The basis of Barber's challenge was that the sheriff serving the required notice on her had improperly altered the documents. We held that this defect in notice invalidated the proceedings. "Since a valid service upon the respondent ... is an essential prerequisite ... it follows that the ... commitment of respondent [is] without legal force or effect." *Barber,* 127 Colo. at 96, 254 P.2d at 434. In deciding *Barber,* we held that the decisions in *Hultquist,* 77 Colo. 310, 236 P. 995 (1925), and *Okerberg,* 119 Colo. 529, 205 P.2d 224 (1949), were controlling. *Barber,* 127 Colo. at 95, 254 P.2d at 434. We also stated that:

It is sufficient for determination of this case to rely upon the well-established rule that, in an action which is entirely statutory, the procedure therein prescribed is the measure of the power of the tribunal to which jurisdiction of causes arising under the statute is given.

There must be a strict compliance with the provisions of such a statute, which are mandatory, and in the absence of such compliance the court has no jurisdiction to act.

*Barber,* 127 Colo. at 95, 254 P.2d at 433–34.

In the present case, the court of appeals relied on the above passage from *Barber* to hold that the district court was without jurisdiction to act due to the failure to appoint counsel "forthwith" as required by the statute. *Clinton,* 742 P.2d at 947. However, because we held in *Barber* that our decisions in *Hultquist* and *Okerberg* were controlling, the passage quoted above was not necessary to the disposition of the issues presented in *Barber* and should be recognized as dictum without precedential effect. *See Wheeler v. Wilkin,* 98 Colo. 568, 573, 58 P.2d 1223, 1226 (1936) (language not forming the basis for decision is dictum); *Parker v. Plympton,* 85 Colo. 87, 97, 273 P. 1030, 1034 (1928) (incidental remarks of appellate court are not precedent). Moreover, even disregarding the "no jurisdiction to act" language as dictum, the result in *Barber* is entirely supported by our decisions in *Hultquist* and *Okerberg.* Since the alteration of the notice to be served on the respondent amounted to a failure to comply with an essential provision of the statute, this was reversible error under *Hultquist* which required dismissal of the certification proceedings. *See Barber,* 127 Colo. at 96, 254 P.2d at 434; *Hultquist,* 77 Colo. at 315, 236 P. at 998.

Similarly, the result in *Sisneros* is better understood as being supported by the statutory noncompliance principles of *Hultquist* rather than the "no jurisdiction to act" language of *Barber.* In *Sisneros,* a jury established by special verdict that the respondent had not been given the statutorily mandated advisement of the availability of voluntary treatment as an alternative to certification. 199 Colo. at 180, 606 P.2d at 56. Despite this finding, the district court affirmed the order of certification, and Sisneros sought relief through an original proceeding in this court. Relying on *Barber,* we held that the court exceeded its jurisdiction by affirming Sisneros' certification in the face of the jury finding of a failure to comply with the statutory requirement.

In *Sisneros,* the failure to comply with the statutory requirement of notification of the availability of voluntary treatment amounted to reversible error because of the essential importance of the statutory requirement that was violated. Undoubtedly, our conclusion in *Sisneros* that the district court had "no jurisdiction to act" was influenced by the language of C.A.R. 21 which provides that "[r]elief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction." Thus, the language of C.A.R. 21 suggests a finding based on jurisdictional grounds to support the issuance of a writ in the nature of prohibition. However, our cases also hold that relief under C.A.R. 21 is proper in appropriate cases where the district court has abused its discretion. *E.g., Halliburton v. County Court,* 672 P.2d 1006, 1009 (Colo.1983); *Tyler v. District Court,* 193 Colo. 31, 33, 561 P.2d 1260, 1262 (1977). Therefore, consistent with *Hultquist,* our decision in *Sisneros* is soundly justified by viewing the district court's affirmance of Sisneros' certification, despite the jury finding of no notice of the availability of voluntary treatment, as an abuse of discretion.

This review of our decisions since *Hultquist* reveals little if any support in the holdings of the cases for the position of the court of appeals that the failure to appoint counsel forthwith deprives the court of subject matter jurisdiction. Instead, the cases hold either (1) following *Hultquist,* that failure to comply with essential statutory provisions constitutes reversible error, or (2) that a defect in notice or process, or a failure to satisfy the statutory requirements limiting the court's jurisdiction to persons resident within the county prevents the court from acquiring jurisdiction over the person. *See, e.g., Iwerks v. People,* 130 Colo. 86, 273 P.2d 133 (1954); *Kendall v. People,* 126 Colo. 573, 252 P.2d 91 (1952). Except for our decisions in *Barber*

and the cases relying on it,[2] which we have distinguished above as wrongly grounded on jurisdictional principles, none of our decisions supports the court of appeals' conclusion that jurisdiction was lacking as the result of noncompliance with a statutory provision not pertaining to notice, service of process, or the statutory residence requirements concerning the persons over whom a court may acquire jurisdiction. Additionally, the general principles of jurisdiction discussed in the next section demonstrate the error in the analysis upon which the court of appeals' conclusion is based.

### B.

■ A court's jurisdiction consists of two elements: jurisdiction over the parties (personal jurisdiction) and jurisdiction over the subject matter of the issue to be decided (subject matter jurisdiction). *See In Re Marriage of Stroud,* 631 P.2d 168, 170 (Colo.1981). The People contend that the failure to appoint counsel forthwith in this case creates a personal jurisdiction defect which the respondent may waive expressly or by failure to raise the issue explicitly in a timely fashion. *See Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 123, 556 P.2d 473, 475 (1976); C.R.C.P. 12(h)(1). Clinton argues, and the court of appeals held, that the failure to appoint counsel forthwith creates a subject matter jurisdiction defect which cannot be waived and

may be raised at any stage in the proceedings. *Clinton,* 742 P.2d 947; *see Peaker v. Southeastern Colo. Water Conservancy Dist.,* 174 Colo. 210, 213, 483 P.2d 232, 233 (1971); C.R.C.P. 12(h)(3). We conclude that neither position is correct. Instead, the failure to appoint counsel forthwith is a statutory violation not implicating jurisdictional concerns.

### 1.

■ Personal jurisdiction "is based on having legal authority over the [respondent's person]." F. James, Jr. & G. Hazard, Jr., *Civil Procedure* § 2.15 (3d ed. 1985). The requirements to obtain legal authority over the respondent in mental health proceedings are set forth in the mental health statutes. Consistent with general principles of jurisdiction, these requirements specify the notice to be given to a respondent to inform her of the pending certification proceeding, §§ 27–10–106(6), –107(3) and –109(2), 11 C.R.S. (1973), and the residential limitations on the persons over whom a court may acquire jurisdiction, §§ 27–10–106(2), –107(2) (petitions for evaluation and notices of certification shall be filed with the court in the county in which the respondent resides or is physically present). *See, e.g., Remine ex rel. Liley v. District Court,* 709 P.2d 1379 (Colo. 1985) (court lacks personal jurisdiction

---

**2.** Both this court and the court of appeals have cited *Barber* in several decisions regarding the validity of mental health certification proceedings. *See People in Interest of Dveirin,* 755 P.2d 1207 (Colo.1988); *Sisneros v. District Court,* 199 Colo. 179, 606 P.2d 55 (1980); *Watkins v. People,* 140 Colo. 228, 344 P.2d 682 (1959); *Young v. Brofman,* 139 Colo. 296, 338 P.2d 286 (1959); *Iwerks v. People,* 130 Colo. 86, 273 P.2d 133 (1954); *Rickey v. People,* 129 Colo. 174, 267 P.2d 1021 (1954); *People in Interest of Lynch,* 757 P.2d 145 (Colo.App.1988); *People in Interest of Clinton,* 742 P.2d 946 (Colo.App.1987). However, only our decision in *Sisneros,* and the court of appeals' decisions in *Lynch* and *Clinton,* relied exclusively on the "no jurisdiction to act" language of *Barber* to find the trial court lacked jurisdiction due to a failure to comply with statutory requirements other than notice, service of process, or the limitation of the court's personal jurisdiction to persons resident within the county in which the court is located. *See Sisneros,* 199 Colo. at 181, 606 P.2d at 57;

*Lynch,* 757 P.2d at 146; *Clinton,* 742 P.2d at 947. Our other cases citing *Barber* are either soundly grounded in jurisdictional principles, *Iwerks; Rickey,* or in *Hultquist's* reasoning invalidating proceedings where there is a failure to comply with essential conditions of the statute, *Watkins; Young.* Thus, our decision today is consistent with and does not affect the correctness or precedential value of the holdings in any of our previous cases except *Barber* and *Sisneros.*

Additionally, we have cited the "no jurisdiction to act" language of *Barber* once in a context other than mental health certification proceedings. *See Department of Revenue v. Borquez,* 751 P.2d 639, 644 (Colo.1988) (holding Denver District Court without jurisdiction to review nonresident's driver's license revocation). The quoted language from *Barber* provided only peripheral support for the holding in that case, and our dismissal of *Barber's* "no jurisdiction to act language" as dictum here does not affect the soundness of the result or reasoning in *Borquez.*

where service of process is legally defective); *Kendall v. People*, 126 Colo. 573, 252 P.2d 91 (1952) (court lacks personal jurisdiction where mental health proceeding respondent is not, as required by statute, a resident of the county in which the court sits).

Nothing in the record or briefs before us suggests that Clinton was not given the proper notice required by the statutes or that she was not a resident of or physically present in Weld County as required by the statutory conditions to invoking the court's jurisdiction. Additionally, the requirement for appointment of counsel does not affect the nature of the notice to be given to the respondent or the statutory requirements for acquisition of jurisdiction over the respondent. Therefore, there was no personal jurisdiction defect.

### 2.

■ Subject matter jurisdiction "concerns the court's authority to deal with the class of cases in which it renders judgment." *In Re Marriage of Stroud*, 631 P.2d 168, 170 (Colo.1981). Also, "[i]t is not sufficient that the court has, in the abstract, the authority to decide the particular class of case which is before it. The court's authority must be invoked before it can act." *Id.* at 171. In mental health proceedings, the requirements for invoking the court's subject matter jurisdiction are described in section 27–10–111(4), 11 C.R.S. (1982). These requirements are met by filing a petition for court-ordered evaluation under section 27–10–106 or certification for short-term treatment under section 27–10–107. Once the petition has been properly filed, the court in which the petition is filed is the court of original and continuing jurisdiction, although the court may order a transfer of the proceedings to a court in another county when such a transfer would promote convenience of the parties and the ends of justice. § 27–10–111(4).

■ Again, nothing in the record or briefs suggests that the certification for short-term treatment was improperly filed so as to prevent the court from acquiring subject matter jurisdiction. Moreover, the statutory scheme does not suggest that forthwith appointment of counsel is necessary to invoke the court's subject matter jurisdiction.

Section 27–10–111, which sets forth the requirements for invoking the jurisdiction of the court in mental health proceedings, does not contain the appointment of counsel requirement. This section provides that "[t]he court in which ... the certification is filed under section 27–10–107 shall be the court of original jurisdiction and of continuing jurisdiction for any further proceedings under this article." § 27–10–111(4), 11 C.R.S. (1982). Thus, pursuant to the jurisdictional requirements of section 27–10–111(4), once a certification is filed under section 27–10–107(2) the court has obtained subject matter jurisdiction over the proceedings. That is, the filing of the certification is the only act required by section 27–10–111(4) to invoke the court's subject matter jurisdiction. *See In Re Marriage of Stroud*, 631 P.2d at 171.

■ Section 27–10–107(5) provides that "[w]henever a certification is filed with the court, the court ... shall forthwith appoint an attorney to represent the respondent." Since, as outlined above, the filing of the certification under section 27–10–107(2) is sufficient to invoke the court's subject matter jurisdiction pursuant to section 27–10–111(4), then the requirement to appoint an attorney under section 27–10–107(5) is not triggered until *after* the court already has obtained subject matter jurisdiction through the filing of the short-term certification.

Because the court has already obtained subject matter jurisdiction, a later failure to follow statutory requirements does not divest the court of subject matter jurisdiction. Such a failure to follow the statute would amount to an erroneous decision not affecting jurisdiction. *Prinster v. District Court*, 137 Colo. 393, 400, 325 P.2d 938, 942 (1958) (where personal and subject matter jurisdictional requirements are satisfied, trial court "ha[s] power to make an erroneous order as well as a correct one") (quoting *In re Packer*, 18 Colo. 525, 33 P. 578

(1893)); *see also Stiger v. District Court,* 188 Colo. 407, 409, 535 P.2d 508, 509 (1975) ("trial court ha[s] the jurisdiction to render a wrong as well as a right decision"). Furthermore, the conclusion that a failure to follow the procedural requirement of appointing counsel forthwith does not deprive the court of subject matter jurisdiction is supported by our previous observation that "the basis for the exercise of judicial authority is normally found in jurisdictional statutes, not in the language of procedural rules." *White v. District Court,* 695 P.2d 1133, 1135 (Colo.1984) (footnote omitted).

Therefore, because the district court's subject matter jurisdiction was invoked properly pursuant to section 27–10–111(4) in this case, and because the statutory scheme does not indicate that forthwith appointment of counsel is a requirement for the court to obtain subject matter jurisdiction, the failure of the district court to provide Clinton with appointment of counsel forthwith did not deprive the court of subject matter jurisdiction over Clinton's short-term certification proceeding. In sum, we conclude that the district court had both personal and subject matter jurisdiction over Clinton and her certification proceeding. Thus, the court of appeals erred in holding that the district court was without jurisdiction.

### C.

We hold only that the district court's failure to provide forthwith appointment of counsel does not create either a personal or subject matter jurisdictional defect. We do not diminish the importance of our previous holdings that "[b]ecause of the curtailment of personal liberty which results from certification of mental illness, strict adherence to the procedural requirements of the civil commitment statutes is required." *People In Interest of Dveirin,* 755 P.2d 1207, 1209

(Colo.1988); *see also, e.g., Hultquist v. People,* 77 Colo. 310, 316, 236 P. 995, 998 (1925) (notice provisions of mental health statutes must be strictly complied with). We conclude only that the failure to comply strictly with procedural requirements, such as the failure to appoint counsel forthwith, that do not implicate personal or subject matter jurisdictional requirements does not create a jurisdictional defect depriving the court of authority to preside over the mental health certification proceeding and to render judgment. In the next section we discuss the appropriate analysis for a failure to comply with statutory provisions not implicating jurisdiction in mental health proceedings.

### III.

As described in section IIA, our decisions have not always treated a failure to comply with mandatory statutory requirements in mental health proceedings as creating a jurisdictional defect. Therefore, the appropriate standard under which to evaluate non-jurisdictional deviations can be developed from the principles applied in those decisions that did not analyze statutory violations as creating a jurisdictional defect.

### A.

In *Hultquist* we held that the failure to comply with the statutory notice provisions which were an "essential condition" of the statute amounted to reversible error. *Hultquist,* 77 Colo. 310, 315–16, 236 P. 995, 997–98 (1925). We also noted in *Hultquist* that the mandatory notice provisions at issue there could be waived.[3] *Id.* at 316, 236 P. at 998. Our cases following *Hultquist* relied on similar reasoning to invalidate certification proceedings where there was a failure to comply with an essential condition of the statute. *Young v. Brofman,* 139 Colo. 296, 338 P.2d 286

---

3. Note, however, that any requirement implicating the court's subject matter jurisdiction cannot be waived, *Triebelhorn v. Turzanski,* 149 Colo. 558, 561, 370 P.2d 757, 759 (1962), and can be raised at any time, *Sanchez v. State,* 730 P.2d 328, 331 (Colo.1986); C.R.C.P. 12(h)(3). Personal jurisdiction requirements, on the other hand, may be waived either expressly or by failure to raise the issue explicitly in a timely fashion. *Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 123, 556 P.2d 473, 475 (1976); *Board of County Commissioners v. District Court,* 172 Colo. 311, 313, 472 P.2d 128, 129 (1970); C.R.C.P. 12(h)(1). Here we are concerned only with the potential waiver of a non-jurisdictional statutory requirement.

(1959) (failure to honor statutory right to jury trial following insanity adjudication based on medical commission determination invalidates proceeding); *Okerberg v. People*, 119 Colo. 529, 205 P.2d 224 (1949) (failure to provide respondent with five-day notice of lunacy commission meeting invalidates proceeding).

Recently, in *People in Interest of Dveirin*, 755 P.2d 1207 (Colo.1988), we held that the People's failure to meet the clear and convincing evidence standard of section 27–10–111 in an initial certification proceeding does not invalidate subsequent proceedings for extending the period of care and treatment by further certifications. 755 P.2d at 1210. Consistent with the analysis applied in section II of this opinion, we held in *Dveirin* that this statutory deviation did not create a jurisdictional defect that would deny the court power to act on subsequent certification proceedings. *Id.* Our concern in *Dveirin* was that the respondent's due process rights be protected and that a fair balance be struck between "the interest of the individual in preserving liberty, dignity, and personal integrity and the interest of society in preserving the safety of its members." *Id.* at 1211.

### B.

 Consistent with these cases, the key inquiry is whether the failure to appoint counsel forthwith in this instance violates an "essential condition" of the statute. This inquiry requires an assessment of whether a violation is so serious as to undermine confidence in the fairness and outcome of the certification proceedings. Such an assessment must be accomplished by (1) evaluating the gravity of the deviation from statutory provisions, including a consideration of due process concerns, and

(2) determining any prejudice to the respondent caused by the deviation.[4] Additionally, in some cases it may be necessary to determine whether the statutory requirements were waived. *See Hultquist*, 77 Colo. at 316, 236 P. at 998. Remedies less drastic than dismissal may be fashioned to redress minor deviations from statutory requirements. Only those statutory deviations serious enough to undermine confidence in the fairness and outcome of the certification proceedings will justify dismissal of the proceedings.[5]

 The first step in the analysis is evaluating the gravity of the deviation from statutory provisions. This evaluation may be accomplished by comparing the particular statutory violation with other violations previously found to be serious enough to amount to reversible error requiring dismissal. Moreover, this evaluation must also consider whether the deviation is serious enough to impinge upon the respondent's due process rights. The objective of the detailed procedures of the mental health certification proceedings is to "guarantee that the patient's due process rights [are] protected, based on a mixture of medical and social or legal judgments." *People in Interest of Dveirin*, 755 P.2d 1207, 1210 (Colo.1988). Thus, the greater the deviation from the statutory procedures, the greater the likelihood that the respondent's due process rights have been violated.

 Our previous mental health decisions have held that the failure to provide notice, *Hultquist*, and the failure to honor the statutory right to jury trial, *Watkins*, constituted violations serious enough to amount to reversible error. In *Hultquist*, we also emphasized that the violation was serious enough to implicate due process

---

**4.** As these factors reflect, we hold that in determining whether an "essential condition" of the statute has been violated, it is necessary to consider not only the inherent importance of the statutory provision but also the nature and degree of the deviation from the requirements of the statute. *See Hultquist*, 77 Colo. at 317, 236 P. at 998 (failure to provide statutorily required notice resulted in denying respondent "the kind of a hearing which she is entitled to under the statute").

**5.** In this case we need not determine whether Clinton waived her statutory right to forthwith appointment of counsel since, on the facts, the statutory deviation is not serious enough to undermine confidence in the fairness and outcome of the certification proceedings such that it would justify dismissal of the proceedings or any lesser remedy.

concerns. *See Hultquist,* 77 Colo. at 316, 236 P. at 998 (because of personal liberty interest at stake, compliance with notice provisions "is just as essential as if it was commanded by the Constitution"). Indeed, adequate notice is a fundamental component of procedural due process. *See, e.g., Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). A failure to honor the statutory right to a jury trial also violates an essential statutory provision because it is a deviation that seriously alters the nature of the hearing to which the respondent is entitled by statute in mental health certification proceedings. *See Watkins,* 140 Colo. at 232, 344 P.2d at 684.

Violation of the right to forthwith appointment of counsel in this case is not of the same gravity as the violations in *Hultquist* and *Watkins.* The failure to appoint counsel forthwith under the circumstances present here does not implicate the same important procedural rights as do proper notice and the right to jury trial. In *Hultquist* and *Watkins,* the statutory violations entirely deprived the respondents of their opportunity to exercise procedural rights granted under the mental health statutes. In *Hultquist,* the failure to provide the statutorily required notice deprived the respondent of her right to raise objections and question the facts presented at her commitment hearing. 77 Colo. at 315–16, 236 P. at 997–98. In *Watkins,* the premature execution of the commitment order entirely deprived the respondent of the full five-day period in which he was entitled to demand a jury trial to review the commitment order. 140 Colo. at 231, 344 P.2d at 684.

▉ On the facts of this case, Clinton was not similarly deprived of any essential procedural rights granted by the mental health statutes. Clinton was able to obtain appointed counsel, and a hearing to review her certification was held at which Clinton had the opportunity to raise any objections to the certification order.

The record here does not indicate that the four-business-day delay in the appointment of counsel impaired any of Clinton's

essential procedural rights as did the violations found to be serious enough to require dismissal in *Hultquist* and *Watkins* and in *Okerberg,* 119 Colo. 529, 205 P.2d 224 (1949) (failure to give required five-day notice of lunacy commission meeting), *Young,* 139 Colo. 296, 338 P.2d 286 (1959) (failure to honor jury trial request), and *Ford,* 179 Colo. 64, 498 P.2d 1125 (1972) (failure to invoke and comply with statutory procedure for declaring person mentally ill). Clinton's counsel was appointed by the district court on December 3, 1985. Yet Clinton did not file a request for hearing until December 27, 1985, over three weeks after counsel was appointed. Additionally, in her motion for transfer of jurisdiction, Clinton voluntarily acceded to an additional five days in which the hearing could be held beyond the statutory ten-day period for hearings following a hearing request. *See* §§ 27–10–107(6), –111(4), 11 C.R.S. (1982). Thus, the delay in the appointment of counsel in this case amounted to only a small part of the total time elapsed between Clinton's certification and her hearing. In this context, where the respondent did not immediately request a hearing to review her certification, and where the respondent waived strict adherence to the statutory time limit for holding the hearing, we conclude that the failure to appoint counsel forthwith was not a grave deviation from statutory provisions. We are satisfied that the statutory deviation here did not impair the fundamental fairness of the certification proceedings and therefore did not impinge upon Clinton's right to due process of law.

▉ Under the second part of the analysis, an evaluation of any prejudice to the respondent caused by the statutory violation is necessary to ensure that a fair balance is struck between the interests of the individual and the interests of society. *See Dveirin,* 755 P.2d at 1211. As the discussion above demonstrates, and as the district court found, Clinton was not prejudiced by the failure to appoint counsel forthwith in this instance.

Overall, the statutory violation at issue here was not so serious as to undermine

confidence in the fairness and outcome of the certification proceedings. Our analysis leads to the conclusion that the failure to appoint counsel forthwith in this case did not violate an "essential condition" of the mental health statutes. Therefore, the court of appeals erred in vacating Clinton's certification order.

We do not minimize the importance of the statutory requirement for the forthwith appointment of counsel. The result here might be different if Clinton's ability to request a hearing or to raise appropriate objections had been impaired by the failure to appoint counsel forthwith, or if the delay in appointment of counsel had been greater. However, nothing in the record indicates any interference with Clinton's procedural rights as a result of the failure to appoint counsel forthwith. The time elapsed between appointment of counsel and the request for hearing suggests more than ample time for Clinton and her counsel to prepare for the hearing. We conclude only that on the facts before us the failure to appoint counsel for Clinton forthwith does not amount to a violation of an essential condition of the statute requiring vacation of the certification order. *See Hultquist*, 77 Colo. at 316, 318, 236 P. at 998–99.

### IV.

Under the analysis for statutory deviations in mental health certification proceedings applied above, defects in notice, *see, e.g., Remine ex rel. Liley v. District Court*, 709 P.2d 1379 (1985), or a failure properly to invoke the court's jurisdiction by filing a certification, *see Ford v. District Court*, 179 Colo. 64, 498 P.2d 1125 (1972), or attempting to assert jurisdiction over a person not a resident of or physically present in the county, *see Rickey v. People*, 129 Colo. 174, 267 P.2d 1021 (1954); §§ 27–10–106(2), 27–10–107(2), may still constitute jurisdictional defects preventing the court from acquiring the power to act. However, mere statutory violations not pertaining to jurisdictional requirements, such as the failure to appoint an attorney forthwith, do not create jurisdictional defects. Instead, the failure to comply with statutory provisions other than those required to invoke the court's jurisdiction must be evaluated on a case-by-case basis to consider the gravity of the deviation, including due process implications, and any prejudice to the respondent. Then, assuming that the statutory requirement has not been properly waived, appropriate remedies may be tailored to redress the particular violation considering both its gravity and its prejudicial effect.

Accordingly, application of these principles to the facts of this case requires that the judgment of the court of appeals be reversed. We remand the case to the court of appeals for reinstatement of the district court's order upholding the short-term certification of the respondent.