The PEOPLE of the State of Colorado, Petitioner–Appellant,

In the Interest of Randy Barton SANTORUFO, Respondent–Appellee.

No. 91CA0438.

Colorado Court of Appeals, Div. III.

July 2, 1992.

Rehearing Denied Aug. 27, 1992.

Certiorari Denied Feb. 8, 1993.

Daniel E. Muse, City Atty., Morris P. Evans, R.W. Hibbard, III, Asst. City Attys., Denver, for petitioner-appellant.

Philip Robert James, Denver, for respondent-appellee.

Opinion by Judge METZGER.

In this proceeding brought pursuant to the Care and Treatment of the Mentally Ill Act, § 27–10–101 et. seq., C.R.S. (1989 Repl.Vol. 11B), the People appeal the trial court's judgment of dismissal based on its determination that the untimely filing of the certification for short-term treatment of respondent, Randy Barton Santorufo, left the court without jurisdiction. We affirm.

The facts in this case are not in dispute. On Saturday, December 22, 1990, at 10:00 a.m., respondent was certified to Saint Joseph Hospital for short-term treatment pursuant to § 27–10–107(1) and § 27–10–111, C.R.S. (1989 Repl.Vol. 11B). That certification was filed with the Denver Probate Court at an undetermined time on Thursday, December 27, 1990.

Counsel was appointed to represent the respondent and filed a motion for dismissal for lack of jurisdiction, alleging that the short-term certification had not been filed with the court pursuant to the dictates of § 27–10–107(2), C.R.S. (1989 Repl.Vol. 11B) and that the trial court therefore had no jurisdiction to proceed. After a hearing on respondent's motion, the trial court granted the respondent's motion to dismiss and ordered his immediate release.

The People contend that, because its computation of time was erroneous, the trial court erred in dismissing the action. In our view, the dismissal was proper.

The statute in question, § 27–10–107(2), provides in pertinent part that:

The certification [for short-term treatment] shall be filed with the court within forty-eight hours, excluding Saturdays, Sundays, and court holidays, of the date of certification.

Under the terms of the statute, the time for filing must be calculated as follows. Since the certification was completed on Saturday, December 22, neither that day nor the following day, Sunday, December 23, should be included in the computation. The 48 hours thus commenced to run on Monday, December 24. Christmas Day, Tuesday, December 25, stipulated by the parties to be a court holiday, should be excluded. Wednesday, December 26,

should be counted. Adding together Monday, December 24, and Wednesday, December 26, we reach a total of 48 hours.

Accordingly, since the certification was not filed with the Probate Court until Thursday, December 27, it was untimely in that it was not filed "within forty-eight hours ... of the date of certification."

 We also reject the People's contention that the trial court erred in determining that the failure to file the certification for short-term treatment constituted a jurisdictional defect. That contention was resolved adversely to the People's position in *People in Interest of Lynch*, 783 P.2d 848 (Colo.1989), in which the court stated: "[T]he act of filing a ... certification for short-term treatment under section 27–10–107 confers subject matter jurisdiction on the court in which the ... certification is filed." *See also People in Interest of Clinton*, 762 P.2d 1381 (Colo.1988); *Okerberg v. People*, 119 Colo. 529, 205 P.2d 224 (1949).

Accordingly, the judgment of dismissal is affirmed.

REED and MARQUEZ, JJ., concur.