The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

In the Interest of Frank **GILFORD**, Respondent–Appellant.

No. 98CA0328

Colorado Court of Appeals, Div. II.

March 18, 1999.

Rehearing Denied April 22, 1999.

Certiorari Denied Aug. 23, 1999.*

---

* Justice MARTINEZ would grant as to the following issues:

Whether in a mental health proceeding there must be a certification in place at all times for the court's exercise of jurisdiction.

Daniel E. Muse, City Attorney, R.W. Hibbard, III, Assistant City Attorney, Denver, Colorado, for Petitioner–Appellee.

Judith M. Firestone, Denver, Colorado, for Respondent–Appellant.

Whether the case of *People in the Interest of Dveirin,* 755 P.2d 1207, (Colo. 1998), applies or should be applied to this matter considering the

Opinion by Judge KAPELKE.

Respondent, Frank Gilford, appeals from the order of the probate court granting the People's petition for an extension of respondent's certification for long-term mental health care and treatment and for administration of involuntary medications. The sole issue on appeal is whether the trial court committed reversible error by holding the hearing on the People's petition after the certification under a prior order granting the same relief had expired. We conclude that the court did not commit reversible error and therefore affirm.

Respondent has a long history of mental health care and treatment. He was certified to short-term care and treatment by the probate court in December 1996. That certification was extended in March 1997 for three months.

In June 1997, the probate court again certified respondent for long-term care and treatment and for administration of involuntary medications. By its terms, that certification would expire on December 6, 1997. Respondent appealed, and a division of this court vacated the certification because respondent had not been served with a copy of the petition as required by the civil commitment statutes. *See People v. Gilford,* 981 P.2d 1099 (Colo.App.1998).

On November 6, 1997, during the pendency of that appeal, the People filed the petition at issue here, seeking an extension of the probate court's certification of respondent for long-term care and treatment and for administration of involuntary medications. Respondent timely requested a hearing on the People's petition and thereafter moved to dismiss on December 9, 1997, based on the fact that the hearing had not been held before December 6, 1997, the date of expiration of the prior certification.

The probate court held a hearing on the People's petition commencing on December 12, 1997. The court first ruled on respondent's motion, finding that his constitutional

court has failed to properly exercise its jurisdiction on two (2) occasions and hold hearings while a certification was still in place.

right to due process had not been abridged by the failure to hold the hearing before the existing certification had expired. The court then proceeded with the hearing on the People's petition. That hearing was completed on December 15, 1997.

Later, the probate court entered a written order addressing respondent's motion to dismiss, as well as the People's petition. The court found that respondent, through counsel, had been offered the opportunity to try the case before the previous certification expired, but had declined to avail himself of that opportunity. Also, the court determined that, under the circumstances, holding the hearing only a few days after the expiration of the prior order did not constitute a "failure to comply with an essential statutory provision that is so grave as to warrant dismissal of this case" and also concluded that the delay did not "undermine confidence in the fairness and outcome of the certification proceedings." Accordingly, the court denied respondent's motion to dismiss.

The court also granted the People's petition for extension of the long-term care and treatment and for administration of involuntary medications, and respondent does not challenge that part of the court's order in this appeal.

■ Because certification for involuntary treatment involves a curtailment of personal liberty, strict compliance with the procedural aspects of the civil commitment statutes is required. *See People in Interest of Dveirin,* 755 P.2d 1207 (Colo.1988). However, only those statutory deviations serious enough to undermine confidence in the fairness and outcome of the proceedings will justify dismissal. *People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988).

Section 27–10–109(5), C.R.S.1998, provides, in pertinent part, that "[a]n original order of long-term care and treatment or any extension of such order shall expire upon the date specified therein, unless further extended as provided in this subsection (5)." That section goes on to provide that if, as here, a hearing on a petition for long-term care and treatment is timely requested, "it shall be held before the expiration date of the order in force."

In the determination of whether a failure to follow the civil commitment statute is a violation of an individual's due process rights, the "key inquiry is whether the failure ... violates an 'essential condition' of the statute." *People in Interest of Clinton, supra.*

This determination is made by evaluating the gravity of the deviation from the statutory procedures and requires consideration of any due process concerns and any prejudice to the respondent. *People in Interest of Clinton, supra.* In some instances, it is also appropriate to determine whether the statutory requirements were waived. *People in Interest of Lynch,* 783 P.2d 848 (Colo.1989).

■ Here, respondent received a full hearing that began just six days after the expiration of the prior certification. As noted, he had been given the opportunity to have a hearing before the expiration date. The hearing was completed the following Monday in order to allow respondent an opportunity to cross-examine the People's witnesses and to present any testimony and argument. Thus, there is no indication that he was deprived of any essential procedural rights or that the fairness of the certification proceeding was undermined. In addition, respondent has not argued that he was prejudiced by the delay in holding the hearing and has not challenged the sufficiency of the hearing.

We further note that the delay did not reach the level of deviation that has been found to warrant reversal in other cases. *See Ford v. District Court,* 179 Colo. 64, 498 P.2d 1125 (1972) (failure to comply with statutory procedure for declaring person mentally ill); *Watkins v. People,* 140 Colo. 228, 344 P.2d 682 (1959) (deprivation of right to demand a jury trial); *Hultquist v. People,* 77 Colo. 310, 236 P. 995 (1925) (failure to provide notice).

Thus, under the circumstances presented here, we conclude that the failure to hold the hearing within the period contemplated by the civil commitment statutes did not constitute a deviation from the statutory requirements so serious as to undermine confidence in the fairness and outcome of the certification proceeding. *See People in Interest of*

*Clinton, supra* (four-day delay in appointing counsel did not require reversal when the fundamental fairness of the certification proceedings was not impinged upon and the individual was not prejudiced).

■ Finally, we conclude that the recent decision by a division of this court in *People v. Gilford, supra,* does not require reversal here. In *Gilford,* the court vacated the initial certification to long-term care and treatment and administration of involuntary medications because respondent had not been personally served with a copy of the People's petition, as required by the civil commitment statutes. However, the setting aside of a prior procedurally defective certification does not have the effect of invalidating a later, valid certification. *See People in Interest of Dveirin, supra.*

The order is affirmed.

Judge CRISWELL and Judge PLANK concur.